Paul VOGLER, Jr., and Casimere
Joseph, III

v.

McCARTY, INC., a Corporation, and Local 53 of the International Association of Heat and Frost Insulators and Asbestos Workers.

UNITED STATES of America, by Ramsey CLARK, Attorney General,
Plaintiff,

v.

LOCAL 53 OF the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS, Defendant.

Civ. A. Nos. 66–749, 66–833.

United States District Court
E. D. Louisiana,
New Orleans Division.

May 31, 1967.

Opinion Jan. 31, 1968.

Revius O. Ortique, Jr., New Orleans, La., Robert L. Carter, Barbara A. Morris, New York City, for plaintiffs Vogler and Joseph.

Thomas J. Meunier, Dodd, Hirsch, Barker & Meunier, New Orleans, La., for Asbestos Workers Local 53.

Michael J. Molony, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for McCarty, Inc. and Branton Insulations, Inc.

Ramsey Clark, Acting Atty. Gen., John Doar, James P. Turner, William F. McCabe, Dept. of Justice, Washington, D. C., and Louis C. LaCour, U. S. Atty., for the United States. John Bingler, Jr., Washington, D. C., Atty. for Dept. of Justice.

## ON MOTION FOR PRELIMINARY INJUNCTION

CHRISTENBERRY, District Judge.

The United States filed number 66–833 against Local 53 of the International Association of Heat and Frost Insulators and Asbestos Workers (hereinafter referred to as Local 53 or the union) on December 15, 1966, under Section 707 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–6(a) & (b). The complaint was filed only after the Equal Employment Opportunity Commission had completed a thorough investigation of charges of discrimination by the defendant, had found reasonable cause to believe that the charges were true, and, having failed

in its attempts to conciliate the matter, had referred the case to the Acting Attorney General. On the basis of the information before the Commission and further investigation by the Department of Justice, the Acting Attorney General determined there was reasonable cause to believe that the defendant Local 53 is engaged in a pattern and practice of resistance intended to deny to Negroes and Mexican-Americans their right to be free of discrimination in employment on account of their race, color or national origin.

On motion of the United States, the hearing on motion for a preliminary injunction was consolidated with that in Number 66–749, a prior action under Section 706(a) of the Act, 42 U.S.C. § 2000e–5(a) filed November 25, 1966, by three private individuals against Local 53 and two insulation contractors.

A full evidentiary hearing was held on these motions on January 19, 20 and 24, 1967, and the Court having considered the evidence, both oral and documentary, the stipulations of fact and the arguments of counsel now makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

1) The defendant Local 53 is a labor organization within the meaning of 42 U.S.C. § 2000e–(d) which represents workmen engaged in the asbestos and insulation trade in the Southeastern portion of Louisiana, including the metropolitan areas of New Orleans and Baton Rouge, and some counties in the State of Mississippi. It exists for the purpose of dealing with employers on behalf of employees concerning terms and conditions of employment, including grievances, labor disputes, wages and hours of work.[1]

2) The defendant Local 53 is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e–(e).[2]

1. Testimony of Gerald W. O'Brien, Business Agent of Local 53; Constitution and By-Laws of the International Association of Heat and Frost Insulators and Asbestos Workers (gov't ex. 13); Collective Bargaining Agreements between

Local 53 and the Master Insulators Association of New Orleans and Baton Rouge, Louisiana (gov't ex. 14 & 15).

2. Local 53 has more than 100 members and is recognized as the representative

3) The defendant Local 53 effectively controls employment and training opportunities in the insulation and asbestos trade in New Orleans and Baton Rouge, Louisiana and the surrounding area. It is established by contract as the exclusive bargaining agent for all asbestos workers employed by every major insulation and asbestos firm in that territory. Although not by contract, in practice it operates a referral system at the Union office through which it either furnishes or approves each journeyman and helper hired by these contractors in the asbestos trade. Generally, workmen are sent to employers by the defendant in accordance with the fluctuating needs of the contractors in the industry. When workmen are not available through the Union, contractors solicit men on their own but must send them to the Union for referral before placing them on a job. As there is no formal apprenticeship program in this industry, the sole opportunity for learning the trade is on the job training, available only to helpers working under the auspices of the defendant Local 53.[3]

4) The defendant Local 53 pursues policies and practices which adversely affect the employment opportunities of persons on account of their race, color or national origin. These policies and practices and the conduct of the defendant pursuant thereto constitute a pattern and practice of resistance designed and intended to deny to individuals the full employment of their rights guaranteed by Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e).

a. In that portion of Louisiana in which Local 53 exercises Trade jurisdiction there are approximately 45,556 Negro males and 100,676 white males between the ages of 18 and 30.[4]

b. There are currently approximately 1,200 men employed as asbestos workers by contractors by contract to recognize Local 53 as the exclusive bargaining agent for such employees. Of these 1,200 men, only 282, including 64 improvers (apprentices), are actually members of Local 53. The remainder are either members of other locals of the International Asbestos Workers Union (Travellers) or non-members working with union approval (permit men). Of these 1,200 men there is not one Negro, nor, within the membership of the defendant, are there any persons of Mexican-American descent.[5]

c. The need for tradesmen in the insulation industry in this area is today nearly three times that which existed two years ago. In July of 1965, men affiliated with Local 53 worked a total of 58,690 hours; by November of 1966, that number had reached 160,548.[6]

d. In order to be considered for membership in Local 53, an applicant must obtain written recommendations from three members.[7]

e. In order to be accepted into membership an applicant must obtain the approval of a majority of the members voting by secret ballot at a Union meeting.[8]

f. It is the policy of the defendant Local 53 to restrict its membership to the sons or close relatives of other members. Local 53 does not admit new men as mechanics, regardless of their qualifications. In the past four years the defendant has accepted 72 first-

---

of employees of employers engaged in an industry affecting commerce.

3. Collective Bargaining Agreements (gov't ex. 14 and 15); Testimony of Gerald W. O'Brien, James Poche, Louis James Elliot, Harold T. Branton; Records of Union Referrals (gov't ex. 1).

4. Stipulation number four.

5. Testimony of Gerald W. O'Brien; Records of Union Referrals (gov't Ex. 1);

List of Local 53 members (gov't Ex. 11); List of Current Improvers (gov't Ex. 16).

6. Stipulation number one.

7. Testimony of Gerald W. O'Brien; sample applications for membership (gov't Ex. 17); applications for membership of Current Improvers (gov't Ex. 2).

8. Constitution (gov't Ex. 13); testimony of Gerald W. O'Brien.

year improvers as members. Sixty-nine of these are sons or stepsons of members; each of the other three is a nephew who was raised by a member as his son. Only such sons are even considered for membership.[9]

g. Aside from citizenship, age and physical fitness requirements the defendant Local 53 has imposed no qualifications or standards related to the trade upon persons seeking improver membership or referral to employment as a mechanic's helper.[10]

h. It is the practice of the defendant Local 53 to refer white persons of limited experience in the trade to employment as mechanic asbestos workers.[11]

i. It is the practice of the defendant Local 53 to refer white journeyman members of other trade unions, including Plasterers Local 93, to employment as mechanic asbestos workers.[12]

j. In a traditionally all white union such as Local 53, each of the requirements for membership—relationship to a member, recommendations by members and majority vote of the membership—effectively denies to Negroes the opportunity to join the union without regard to race. Since there are no Mexican-Americans in Local 53, these requirements, equally effectively, deny to Mexican-Americans the opportunity to join the union without regard to national origin.

k. It is the policy and practice of the defendant Local 53 to refuse to consider Negroes for membership in the Union.[13]

l. It is the policy and practice of the defendant Local 53 to refuse to refer Negroes to employment and to refuse to accept Negroes for referral to employment.[14]

m. Notwithstanding a critical labor shortage in the insulation industry, the defendant Local 53 has intentionally limited its membership to such an extent that its membership is less than one-fourth what the industry requires.[15]

n. The defendant Local 53 has refused to consider for membership or refer to employment members from the available Negro labor force and the Negro journeyman members of the Plasterers Local 93 and nine young Negro men who were seeking employment as asbestos helpers solely because they are Negroes.[16]

## II. CONCLUSIONS OF LAW

1) The Court has jurisdiction of this action.

Section 707(b) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–6(b)

■ 2) The defendant is a labor organization engaged in an industry affecting commerce as those terms are defined

9. Testimony of Gerald W. O'Brien; list of Current Improvers (gov't Ex. 16); stipulation number two; letter dated December 4, 1965, from Gerald O'Brien to H. H. Warthen (gov't Ex. 9).

10. Testimony of Gerald W. O'Brien; applications for membership of Current Improvers (gov't Ex. 2); testimony of Ronald Dimitry.

11. Testimony of Gerald W. O'Brien; testimony of Ronald Dimitry.

12. Testimony of Gerald W. O'Brien; testimony of Eugene Ball.

13. Testimony of Gerald W. O'Brien.

14. Testimony of Gerald W. O'Brien; testimony of Louis J. Elliot.

15. Testimony of Gerald W. O'Brien; testimony of James Poche; Records of Union Referrals (gov't Ex. 1); list of Local 53 members (gov't Ex. 11); stipulation number one.

16. Testimony of Gerald W. O'Brien; testimony of Leo Chester Green; testimony of Charles Mogilles; testimony of Casimere Joseph; testimony of David Bartholomew; Urban League Referral Cards and application form of Leroy Chandler (gov't Ex. 8); Urban League Referral Cards for David Bartholomew, Jr., George Nathaniel French, Elvin J. Young, Norman Watson, Monroe Bean, Clifford H. Thompson, Girod Tillman, Jr. (gov't Ex. 5).

in Title VII of the Civil Rights Act of 1964.

Section 701(d), (e), 42 U.S.C. 2000e (d), (e)

█ 3) The policies and practices of the defendant and its conduct pursuant thereto constitutes a pattern and practice of discrimination within the meaning of Title VII of the Civil Rights Act of 1964.

Section 707(a), 703(c), (d), 42 U.S.C. §§ 2000e–6(a), 2000e–2(c) and (d)

4) Where a labor organization has engaged in a pattern and practice of discrimination on account of race, color and national origin as described in the preceding findings of fact, in order to insure the full enjoyment of the rights protected by that statute, Title VII of the Civil Rights Act of 1964, requires affirmative and mandatory preliminary relief. Accordingly, a preliminary injunction will be issued.

## OPINION

Plaintiffs in Civil Action No. 66–749, three private persons, filed suit against Local 53, International Association of Heat and Frost Insulators and Asbestos Workers (hereinafter referred to as "Local 53" or the "Union") and McCarty, Inc., an insulation contractor operating in Baton Rouge and New Orleans. By amended complaint, plaintiffs in number 66–749 added Branton Insulations, Inc., an insulation contractor operating in Baton Rouge and New Orleans, as a defendant (said contractor defendants hereinafter referred to as "Contractor" or "Contractors").

Civil Action Number 66–833 was brought by the United States of America solely against Local 53. Plaintiffs in each of these cases filed motions for preliminary injunctions, and, on motion of the United States, the hearing on these motions was consolidated.

Based on the evidence presented at the consolidated hearing on the motions for preliminary injunctions held on January 19, 20 and 24, 1967, and the memoranda filed by the parties, the Court now makes the following findings of fact and conclusions of law.

## I.

## FINDINGS OF FACT

1. Defendant, McCarty, Inc. is the same corporation that formerly operated under the name of McCarty-Branton Corporation and it is a Louisiana corporation engaged in business as an insulation contractor in New Orleans and Baton Rouge. This corporation employs more than seventy-five employees.

2. The name of McCarty-Branton Corporation was changed on or about July 1, 1966 to McCarty, Inc. and this Louisiana corporation has continued in existence and operation under the new name since that date except that H. T. Branton, one of the former principal shareholders of the corporation has no further interest in it and S. Genovese, R. Manguno and H. Marino, former employees of the corporation discontinued their employment with the corporation on or around July 1, 1966.

3. Branton Insulations, Inc. is a Louisiana corporation engaged in business as an insulation contractor in New Orleans and Baton Rouge. This corporation employs more than seventy-five employees. Branton Insulations, Inc. began its corporate existence on or about July 1, 1966 with H. T. Branton as the principal shareholder and as of that date, S. Genovese, R. Manguno and M. Marino began employment with that corporation.

4. Casimere Joseph, III did not file a charge against McCarty, Inc. with the Equal Employment Opportunity Commission alleging discriminatory employment practices under Title VII, Civil Rights Act of 1964.

5. No charge alleging discriminatory employment practices by Branton Insulations, Inc. in violation of Title VII, Civil Rights Act of 1964 was filed with the Equal Employment Opportunity Commission by either Paul Vogler, Jr., Juan Galaviz or Casimere Joseph, III.

6. Paul Vogler, Jr.'s charge alleging discriminatory employment practices by

McCarty, Inc. was filed with the Equal Employment Opportunity Commission more than ninety days after termination of his employment with that employer on January 5, 1966.

7. Paul Vogler, Jr. did not apply for re-employment by McCarty, Inc. as an insulation mechanic or helper following termination of his employment with that company on January 5, 1966.

8. McCarty, Inc. and Branton, Inc. are engaged in the installation of asbestos and other types of insulating material at industrial plants and other commercial facilities in New Orleans and Baton Rouge. All such work is performed under bid contracts with the owner or with general contractors. The volume of insulation work available to each insulation contractor depends upon the volume of construction contracts awarded for erection of industrial and commercial facilities requiring insulation and the award of the insulation work to a specific contractor on the basis of bidding. The insulation contractors maintain only an essential work force consisting of supervisory and clerical personnel. Other employees such as insulation mechanics and improvers (helpers) are hired as needed to perform the work for particular jobs awarded the contractor.

9. Local 53 is the exclusive collective bargaining representative for all insulation mechanics and helpers employed by insulation contractors in New Orleans and Baton Rouge who have entered collective bargaining agreements with Local 53. Both McCarty, Inc. and Branton Insulations, Inc. are parties to the uniform collective bargaining agreement with Local 53 setting forth the wages, terms and conditions of employment for insulation mechanics and helpers in the New Orleans and Baton Rouge areas.

10. McCarty, Inc. and Branton Insulations, Inc. must comply with the well established practice of hiring and permitting to work only members of Local 53 or mechanics and improvers (helpers) having work permits issued by the Union or suffer the consequences of having their jobs shut down by the failure of union members and permit holders to show up for work and such action would jeopardize the contractors' relations with the owners of industrial and commercial plants making it exceedingly difficult if not impossible to secure future contracts for insulation work.

11. In addition to controlling employment of mechanics and improvers by insulation contractors in the New Orleans and Baton Rouge areas, at all times material to the dates and events pertinent here, Local 53 also controlled the assignment of these employees to jobs and specifically instructed the contractors with respect to the job assignments of mechanics and improvers working on permit cards in order to assure its members maximum overtime earnings.

12. At all times material to the dates and events controlling here, neither McCarty, Inc. nor Branton Insulations, Inc. received applications for employment directly from Negroes, Mexican-Americans or any other minority group members.

13. Paul Vogler, Jr. and Juan Galaviz were employed by McCarty, Inc. by reason of a written work permit issued to them by Local 53 at the time that their employment was terminated on or about January 5, 1966.

14. The employment of Paul Vogler, Jr. and Juan Galaviz was terminated by Sal Genovese, Superintendent of Labor, on various jobs operated by McCarty, Inc. pursuant to instructions from Local 53's Business Agent, Gerald O'Brien, because of Juan Galaviz's efforts to secure full membership in Local 53 and Paul Vogler, Jr.'s efforts to assist Juan Galaviz in attaining membership in Local 53.

15. Sal Genovese, although employed by McCarty, Inc. as Labor Superintendent at the time he discharged Paul Vogler, Jr. and Juan Galaviz, at that time he was also a former officer of Local 53 and a member of that union on withdrawal status for which he pays an annual fee to the union. In that status, he is eligible to apply for re-instatement as a full mem-

ber of Local 53 subject to approval of his request and acceptance by the Union's membership.

16. None of McCarty, Inc.'s officers or managers having discretionary authority to direct hiring or firing of employees was contacted by Sal Genovese before he complied with the union's instructions and terminated the employment of Paul Vogler, Jr. and Juan Galaviz on or about January 5, 1966.

17. Neither McCarty, Inc. nor Branton Insulations, Inc. had any control over or authority relating to membership policies or practices of Local 53 and these firms were not consulted by Local 53 with respect to its membership admission policies.

18. McCarty, Inc. and Branton Insulations, Inc. have followed the practice of employing Negro craftsmen in crafts other than asbestos workers such as carpenters, plasterers and latherers and assigning them to work with and along side members of Local 53 and mechanics and improvers working by reason of permits issued by Local 53.

## II.

### CONCLUSIONS OF LAW

■ 1. Defendant, McCarty, Inc., is a Louisiana Corporation and is the same firm that formerly operated under the name of McCarty-Branton Corporation as an insulation contractor in the New Orleans and Baton Rouge areas. The Corporation employs more than seventy-five employees and its business affects interstate commerce within the meaning of 42 U.S.C.A., Section 2000e-(b).

2. Branton Insulations, Inc., a Louisiana Corporation which began its corporate existence on or about July 1, 1966 is engaged in business as an insulation contractor in the New Orleans and Baton Rouge areas employing more than seventy-five employees and its business affects interstate commerce within the meaning of Title VII, Civil Rights Act of 1964, 42 U.S.C.A. Section 2000e-(e).

■ 3. Casimere Joseph, III's complaint against McCarty, Inc. must be dismissed by reason of his failure to comply with Section 706(a), (b) and (e), Civil Rights Act of 1964 (42 U.S.C.A. Section 2000e-5(a), (b) and (e)), by failing to file a charge with the Equal Employment Opportunity Commission alleging that McCarty, Inc. engaged in unlawful employment practices under the Act.

4. Casimere Joseph, III's complaint against Branton Insulations, Inc. must be dismissed by reason of his failure to comply with Section 706(a), (b) and (e), Civil Rights Act of 1964 (42 U.S.C.A. Section 2000e-5(a), (b) and (e)), by failing to file a charge with the Equal Employment Opportunity Commission alleging that McCarty, Inc. engaged in unlawful employment practices under the Act.

5. The complaint of Paul Vogler, Jr. against McCarty, Inc. and Branton Insulations, Inc. must be dismissed on the ground that he did not file a charge against those defendants with the Equal Employment Opportunity Commission within the ninety day period following the alleged discriminatory incident described in the complaint as required by Section 706(a) and (d) of Title VII, Civil Rights Act of 1964 (42 U.S.C.A. Section 2000e-5).

■ 6. Neither McCarty, Inc. nor Branton Insulations, Inc. has engaged in unlawful employment practices affecting the employment status of Casimere Joseph, III, Paul Vogler, Jr. or Juan Galaviz in violation of Sections 703 or 704, Title VII, Civil Rights Act of 1964 (42 U.S.C.A. Sections 2000e-2 and 2000e-3) and, as these defendants have not intentionally engaged in any unlawful employment practices prohibited by the Act with respect to Paul Vogler, Jr., Juan Galaviz and Casimere Joseph, III, the plaintiffs are not entitled to injunctive relief against said defendants under Section 706(g) of the Act (42 U.S.C.A. Section 2000e-5(g)).

■ 7. Local 53's operation of a hiring hall arrangement which, together with its membership admission policies,

have controlled employment within the insulation industry in the New Orleans and Baton Rouge areas and has resulted in discrimination against Negroes and other minority groups seeking employment as mechanics or improvers through the Union's hiring hall does not result in a violation of Title VII, Civil Rights Act of 1964 (42 U.S.C.A. Section 2000e et seq.) by employers who are required to accept for employment only those union members or persons to whom the union issues work permit cards.

8. Defendants McCarty, Inc. and Branton Insulations, Inc. are entitled to judgment dismissing the complaint of Casimere Joseph, III in its entirety.

9. Defendants McCarty, Inc. and Branton Insulations, Inc. are entitled to judgment denying the motion of plaintiffs Paul Vogler, Jr. and Juan Galaviz for preliminary injunction.