**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**
and
**Clyde Low Dog, Applicant for Plaintiff-Intervenor,**

v.

**BROTHERHOOD OF PAINTERS, DECO-RATORS AND PAPERHANGERS OF AMERICA, LOCAL 857, Defendant,**
and
**International Brotherhood of Painters and Allied Trades, Rule 19(a) Defendant,**
and
**Sioux Falls Chapter of Painting and Deco-rating Contractors of America, Rule 19(a) Defendant.**

**No. CIV 74–4022.**

United States District Court,
D. South Dakota, S. D.

Nov. 26, 1974.

Peter Sanchez-Navarro, Jr., Francisco J. Flores, Jr., and Richard M. Grimsrud, Denver, Colo., for plaintiff.

Roy S. Haber, Boulder, Colo., for plaintiff-intervenor.

Robert L. O'Connor, Sioux Falls, S. D., and Harry H. Smith, Sioux City, Iowa, for defendant Brotherhood of Painters, Decorators and Paperhangers of America, Local 857, and the Rule 19(a) defendant International Brotherhood of Painters and Allied Trades.

Lyle J. Wirt, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for Rule 19(a) defendant Sioux Falls Chap-

ter of Painting and Decorating Contractors of America.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This is a suit brought by the Equal Employment Opportunity Commission (EEOC) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, at seq. Each of the defendants is amenable to suit under the provisions of Title VII. The required conciliation procedures having failed, EEOC alleges that defendant Brotherhood of Painters, Decorators and Paperhangers of America, Local 857 (hereinafter Local 857), engaged in unlawful employment practices at its referral hall by: 1) failing and refusing to refer American Indians on the same basis as it refers its non-American Indian members, and 2) failing and refusing to admit American Indians to union membership on the same basis as it admits non-American Indian persons. Defendant International Brotherhood of Painters and Allied Trades (hereinafter the International) and defendant Sioux Falls Chapter of the Painting and Decorating Contractors are named pursuant to Rule 19(a)(2)(ii) of the Federal Rules of Civil Procedure.

This memorandum decision constitutes findings and rulings on three motions before the court: 1) Clyde Low Dog's motion to intervene as a party plaintiff, 2) defendant International's motion to dismiss it as a party to the suit, and 3) plaintiff's and plaintiff-intervenor's motions to strike defendant Local 857's demand for a jury trial. Briefs on the motions having been submitted and studied, the motions will be discussed and ruled upon seriatim.

## LOW DOG'S MOTION TO INTERVENE

Clyde Low Dog filed the discrimination complaint bringing this matter to the attention of the EEOC. He now seeks to intervene in this lawsuit, claiming he is given a right to intervene by Rule 24(a) of the Federal Rules of Civil Procedure and by 42 U.S.C. § 2000e–5(f)(1).

Rule 24(a) provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

42 U.S.C. § 2000e–5(f)(1) appears to confer an unconditional right to intervene upon Low Dog. It provides in pertinent part: "The person . . . aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision."

The meaning of this sentence could be subject to debate. It is possibly unclear whether the clause, "in a case involving a government, governmental agency, or political subdivision" refers only to cases brought by the Attorney General, or also to cases brought by EEOC. The statutory scheme provides, however, that EEOC cannot bring suits against a government, governmental agency, or political subdivision, id.; this would seem to indicate that the clause referred to above applies only to cases brought by the Attorney General, thus an aggrieved person could intervene in *any* case brought by EEOC. The same conclusion is supportable on the basis of the rules of statutory construction. It is a general rule of statutory construction that modifying phrases or clauses should be referred to the word, phrase, or clause with which they are grammatically connected. McClurg et al. v. Kingsland et al., 42 U.S. (1 How.) 202, 11 L. Ed. 102 (1843). In the sentence under analysis, then, the clause, "in a case involving a government . . . .," refers

only to cases brought by the Attorney General because the clause is not grammatically connected to the words "the Commission." The proper interpretation, in this court's view, is, therefore, that the statute grants the person aggrieved an unconditional right to intervene in any case brought by the EEOC. Low Dog's motion to intervene is, therefore, proper under Rule 24(a) and is granted.

## DEFENDANT INTERNATIONAL'S MOTION TO DISMISS

Defendant International moves that the action be dismissed as to the International for essentially the following reasons: 1) The International was not a party to the proceedings before the EEOC, therefore it cannot be made a defendant in this case; 2) the International is not a necessary party to this action under Rule 19 of the Federal Rules of Civil Procedure because Local 857 is an autonomous body that negotiates its own collective bargaining agreements and enforces them and is not entitled to act on behalf of the International; and 3) the International maintains no offices and has no property or funds located in South Dakota.

█ *A.* The first question to be decided is whether the plaintiff's failure to bring the International into the proceedings before the EEOC is a bar to naming it as a defendant in this action. 42 U.S.C. § 2000e–5(f) provides that if the conciliation efforts are unfruitful an action may be initiated in this court *against those charged in the complaint to the EEOC.* Thus, as a general rule, a party not charged before the EEOC could not be made a party to this action. Local 179, United Textile Workers v. Federal Paper Stock Co., 461 F.2d 849, 851 (8th Cir. 1972).

█ This rule, however, is not without exception. The United States Court of Appeals for the District of Columbia Circuit said in Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979 (1973), that "requiring

recourse to EEOC against all Title VII defendants is not absolute, as where a defendant who was not called before EEOC is an indispensable party under Rule 19, Fed.R.Civ.P." *Id.* at 993 n. 25. Although this language was dicta, it was found persuasive and relied upon in Held v. Missouri Pacific Railroad Co., 373 F.Supp. 996, 999 (S.D.Tex.1974). The Eighth Circuit Court of Appeals has also indicated that it does not consider a failure to bring a party before the EEOC an absolute bar to joining that party in an action under 42 U.S.C. § 2000e–5, Norman v. Missouri Pacific Railroad, 414 F.2d 73, 84–85 (1969). This court agrees that when a party should be joined under Rule 19, failure to bring that party before the EEOC is not cause for outright dismissal of the action as to that defendant.

*B.* The next question, then, is whether defendant International should be joined under Rule 19. This must be determined through an analysis of the facts of the case at bar. This court believes that the issue depends here on whether disposition of the action in the International's absence would subject the other defendants to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [the International's] claimed interest." Rule 19(a)(2)(ii).

The International contends that Local 857 is autonomous and not accountable to the International in any manner relevant to this case. Thus, says the International, it should not be a party to this action. Plaintiffs contend, on the other hand, that should they sustain their allegations of discrimination the court might make provisions in its order that would conflict with certain sections of the constitution governing the relationship between the International and Local 857. Such provisions, they contend, would subject Local 857 to substantial risk of "inconsistent obligations", satisfying the requirements of Rule 19(a)(2)(ii) regarding compulsory joinder.

A look at the possible provisions of the court's order, should the discrimination allegations be substantiated, is appropriate in deciding whether Local 857 might be subjected to "inconsistent obligations." The order could order abolition of a rule requiring that a candidate for membership have his application countersigned by union members. Such a rule was ordered eliminated in Vogler v. McCarty, 294 F.Supp. 368, 371 (E.D. La.1968), aff'd sub. nom., 407 F.2d 1047, 1054 (5th Cir. 1969), because it, the court felt, was applied in a discriminatory manner. Such an order would conflict with Section 87 of the Constitution of the International Brotherhood of Painters and Allied Trades (hereinafter the constitution). Similarly, precedent exists for abolishing Local 857 practices required by section 88(a) (each applicant must have three years experience in the trade), *Vogler, supra,* 407 F.2d at 1054–1055, and section 91 (each applicant must be approved by a majority vote), *Vogler, supra,* 294 F.Supp. at 370; 407 F.2d at 1054.

Should Local 857 be ordered to halt any of the above practices, it would be subject, according to the constitution, to disciplinary measures. Section 266(1) provides that charges may be brought against locals for violation of any provision of the constitution; if the local is found guilty of any charge, section 277(a) sets the possible penalties: "reprimands, fines, suspensions, revocations or commands to do or perform, or refrain from doing or performing specified acts."

■ The above indicates that if the local were obligated under the order of this court to abolish practices required by the constitution, it could be subject to disciplinary measures imposed by the International. There is, therefore, a risk of "inconsistent obligations." If the International were not already a defendant in this action, it would be subject to joinder under Rule 19(a)(2)(ii). It follows that the motion to dismiss must be denied.

■ The court further holds that the International need not be brought before the EEOC prior to proceeding onward with this case. Bremer v. St. Louis Southwestern Railroad Co., 310 F.Supp. 1333, 1340 (E.D.Mo.1969). To order that the International be taken before the EEOC for attempted conciliation proceedings would be a waste of time and effort because the plaintiffs are not alleging that the International is directly responsible for the alleged discrimination. The International is a named defendant only because of the possibility that the court's order would place Local 857 in the position of having "inconsistent obligations." The possibility that the constitutional provisions giving rise to these inconsistent obligations would be eliminated as a result of the EEOC proceeding is remote. Therefore requiring the EEOC administrative procedure would not further the underlying policy of Title VII (solution by conciliation) and would serve no useful purpose.

C. The International's contention that it should be dismissed from this action because it maintains no offices and has no property or funds located in South Dakota goes to the personal jurisdiction of this court. Questions of personal jurisdiction require a two-step analysis: 1) Can the defendant be served with process under the statutory service-of-process provisions of the state in which the federal court is located? If so, 2) does the service of process violate "due process"?

■ First, this court is of the opinion that defendant International is subject to service of process in the State of South Dakota under S.D.C.L. 15–7–2(1) (transaction of business within the state) and S.D.C.L. 15–7–2(5) (entering into a contract for services to be rendered in the state.) It cannot be gainsaid that the International does no business in South Dakota: it has chartered Local 857, collects dues, and imposes various requirements on all local members. The International also renders services to Local 857 and its members; the fact that the International is the superior union to Local 857 probably

constitutes a prima facie showing that it renders such services. Specifically, however, the International provides certain local members with, *inter alia,* strike benefits, death benefits, and disability benefits, thus making it subject to the jurisdiction of this court.

Secondly, it is this court's opinion that the close relationship between Local 857 and the International gives rise to "substantial contacts" between the International and the state of South Dakota. Because there are substantial contacts, my sense of "fair play and substantial justice" is not offended. Due process, therefore, is not violated by asserting personal jurisdiction over the International.

This court finds the International's lack-of-personal-jurisdiction contention to be without merit. Its motion to dismiss is denied.

### PLAINTIFF'S MOTION TO STRIKE DEMAND FOR JURY TRIAL

Defendant Local 857 having made a timely demand for a jury trial, plaintiffs have moved to strike the demand. Neither the United States Supreme Court nor the Eighth Circuit Court of Appeals appears to have decided the issue. Our research reveals that all courts, with the exception of one, that have *decided the issue,* however, have held that there is no right to trial by jury in a Title VII case. *See, e. g.* Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969); Cheatwood v. South Central Bell Telephone & Telegraph Co., 303 F.Supp. 754 (M.D. Ala.1969); Culpepper v. Reynolds Metals Co., 296 F.Supp. 1232 (N.D.Ga.1969); Hayes v. Seaboard Coast Line Railroad Co., 46 F.R.D. 49 (S.D.Ga.1968).

The better-reasoned cases denying a jury trial base the denial on the following analysis: 1) any "damages" to be awarded are in the form of "back pay"; 2) they are, therefore, restitutional, and, because restitution is an equitable remedy, a jury trial should be denied. *See,* Rogers v. Loether, 467 F.2d 1110, 1114, 1121 (7th Cir. 1972), aff'd sub nom., Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). Because Title VII does not provide for compensatory or punitive damages,[1] the "damages" issue in the case at bar is solely equitable as the case is presently pleaded. The motion to strike the demand for jury trial is, therefore, granted.

---

1. The court recognizes that the possibility of awarding punitive damages was mentioned approvingly in Tooles v. Kellogg Co., 336 F. Supp. 14, 18 (D.Neb.1972). The analysis presented in Van Hoomissen v. Xerox Corp., 368 F.Supp. 829, 835–838 (N.D.Cal.1973), which reached the conclusion that compensatory and punitive damages cannot be obtained under Title VII, is, however, more persuasive. *See also,* Loo v. Gerarge, 374 F.Supp. 1338, 1341–1342 (D.Hawaii 1974).