**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**CENTURY I, L.C., Shawnee Gardens, L.P., and Kelly Management Company, Inc., Defendants.**

Civ. A. No. 92–2092–L.

United States District Court, D. Kansas.

June 25, 1992.

Robert A. Olsen, Office of U.S. Atty., Kansas City, Kan., Gretchen D. Huston, Donna L. Harper, Thomas J. Borek, S. Robert Royal, E.E.O.C., St. Louis Dist. Office, St. Louis, Mo., and William P. Ronan, Cloon, Bennett, Ronan & Viveros, Overland Park, Kan., for plaintiffs.

Richard D. Ralls and Cyprienne Simchowitz, Wirken & King, P.C., Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter comes before the court on the motion of Benjamin F. Woods, Jr., to intervene as a plaintiff in this action pursuant to Fed.R.Civ.P. 24(a) (Doc. #14). Defendants oppose the motion.

■ Mr. Woods is the individual who filed the charge of employment discrimination based upon an allegedly unlawful discharge against the defendants that led to the initiation of this lawsuit by the Equal Employment Opportunity Commission (EEOC) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* He seeks to intervene in this action as of right under Rule 24(a), which provides that "[u]pon timely application anyone shall be permitted to intervene in an action: (1)

when a statute of the United States confers an unconditional right to intervene."

Title VII provides such a statutory right to intervene. "The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision." 42 U.S.C. § 2000e-5(f). Therefore, Mr. Woods' motion to intervene must be granted as long as it was timely filed. *EEOC v. Midwestern Distribution, Inc.,* No. 82-2247 (D.Kan. Mar. 22, 1983) (1983 WL 2191) (O'Conner, C.J.) (individual who filed discrimination charge was an " 'aggrieved person under Title VII ... who has the right to intervene in an action brought by the EEOC.' "). Because this case is still in the pretrial stage, the court concludes that Mr. Woods' motion to intervene was timely. *See id.*

■ Defendants contend that the statutory right to intervene exists only when the Title VII action is brought against a government, governmental agency, or political subdivision. This argument, however, is premised on an incorrect reading of the statute. The phrase "in a case involving a government, governmental agency, or political subdivision" in section 2000e-5(f), which qualifies the statutory right to intervene, refers only to cases brought by the U.S. Attorney General. That clause is not grammatically connected to the words "the Commission," making it inapplicable to actions filed by the EEOC. Moreover, because the EEOC is precluded by the same subsection of this statute from bringing suits against a government, governmental agency, or political subdivision, that phrase could not have been intended to apply to suits that were filed by the EEOC. Thus, the statute provides an unconditional right of intervention to aggrieved persons in cases brought by the EEOC. *EEOC v. Brotherhood of Painters, Decorators & Paperhangers,* 384 F.Supp. 1264 (D.S.D. 1974); *see also Truvillion v. King's Daughters Hospital,* 614 F.2d 520, 525 (5th Cir.1980) (recognizing the right to intervene in cases like this); *EEOC v. Contour Chair Lounge Co.,* 596 F.2d 809 (8th Cir.

1979) (same); *McClain v. Wagner Elec. Corp.,* 550 F.2d 1115 (8th Cir.1977) (if EEOC sues first, individual employee is not permitted to sue independently but may intervene as of right under Rule 24(a)).

 Mr. Woods' motion to intervene purports to add claims that he asserts under 42 U.S.C. § 1981, the Civil Rights Act of 1991, and state law tort and contract principles to those asserted in the original complaint filed by the EEOC. To the extent that his motion to intervene and accompanying complaint attempt to state a claim for unlawful discharge under 42 U.S.C. § 1981 and the Civil Rights Act of 1991, the motion is denied. The Tenth Circuit has made it clear that the United States Supreme Court's decision in *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), precludes discriminatory discharge claims brought under section 1981. *Trujillo v. Grand Junction Regional Center,* 928 F.2d 973, 976 (10th Cir.1991) (section 1981 does not protect post-formation conduct). This court has also held that the Civil Rights Act of 1991, which amends 42 U.S.C. § 1981 by including within its coverage some post-formation conduct, does not apply retroactively. *Johnson v. Mast Advertising and Publishing, Inc.,* No. 90–2451–L (D.Kan. Feb. 10, 1992) (1992 WL 41352). The conduct in question in this lawsuit allegedly occurred in 1990, before the Civil Rights Act of 1991 became effective. Allowing Mr. Woods to add claims under 42 U.S.C. § 1981 and the Civil Rights Act of 1991 via his motion to intervene would be futile, as those claims could not withstand a motion to dismiss under Fed. R.Civ.P. 12(b)(6) under the case law of this circuit. Therefore, to the extent that his motion to intervene asserts claims under section 1981 and the Civil Rights Act of 1991, the motion is denied. Those claims are ordered stricken from the complaint of the intervening plaintiff.

Mr. Woods' state law claims, however, are not futile as a matter of law. This court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a). Defendants' argument that this court has no jurisdiction over those claims is without merit.

*It is therefore ordered by the court* that the motion to intervene as plaintiff of Benjamin F. Woods, Jr. (Doc. # 14) is granted in part and denied in part. Mr. Woods may intervene as a plaintiff in this action, but he may not assert claims for discriminatory discharge against the defendants under 42 U.S.C. § 1981 or the Civil Rights Act of 1991.

IT IS SO ORDERED.