Ronald NICHOLS and Marjorie Nichols, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 2396.

United States District Court
S. D. California, N. D.

April 1, 1964.

C. Ray Robinson, Jonathan H. Rowell, Merced, Cal., for plaintiffs.

Francis C. Whelan, Richard J. Dauber, Asst. U. S. Attys., Los Angeles, Cal., for the Government.

CROCKER, District Judge.

This case came on for trial of the issue of liability only on March 31, 1964, C. Ray Robinson, by Jonathan H. Rowell, appearing for plaintiffs, and Francis C. Whelan, United States Attorney, by Richard J. Dauber, Assistant United States Attorney, appearing for defendant.

The first cause of action alleges a partial taking of the plaintiffs' property by virtue of the noise and vibration from running and testing jet engines at Castle Air Force Base, pursuant to the Tucker Act, 28 U.S.C. 1346(a) (2).

The second cause of action alleges that the noise and vibration from running and testing of jet engines at Castle Air Force Base constitute a trespass and nuisance unlawfully committed by defendant, which caused injury and damage to plaintiffs' property and business, pursuant to the Tort Claims Act, 28 U.S.C. 1346(b).

Defendant's answer admits the operation and maintenance of the Air Force Base and associated facilities, denies the other allegations of the complaint and asserts by way of affirmative defenses:

1. That the complaint fails to state a cause of action;

2. That both alleged causes of action are barred by the Statute of Limitations; and

3. That the court lacks jurisdiction over the cause of action for trespass and nuisance because of 28 U.S.C. 2680(a).

The evidence disclosed that plaintiffs occupied the property in question on March 1, 1956 under a rental agreement and purchased it on March 1, 1957. That the defendant does not fly jet aircraft over plaintiffs' property. That defendant first tested a jet engine at the site complained of in 1955, and during 1956, 1957 and 1958 tested 40 to 50 jet engines each month at this site. That in 1959 approximately 50 engines per month were tested and has gradually increased until in 1964 60 to 70 engines per month are being tested. That the complaint in this case was filed June 5, 1963.

■ From this evidence it is concluded that the alleged cause of action under the Tucker Act is barred by the Statute of Limitations, as 28 U.S.C. 2401(a) requires that such actions be commenced within six years from the date on which the right of action accrued, which was March 1, 1957. The testimony by plaintiff Ronald Nichols that he first became aware of the testing of jet engines in 1960–61 was not worthy of belief in view of his demeanor on the witness stand and the probability that he would not be aware of the testing of 60 engines per month if he was unaware of the testing of 50 engines per month.

■ This court does not have jurisdiction of the cause of action under the Tort Claims Statute by reason of 28 U.S.C. 2680(a), as the selection of the place to test jet engines is a discretionary function of the defendant.

Judgment is therefore ordered for the defendant.

Counsel for defendant is directed to prepare and lodge findings of fact, conclusions of law and form of judgment in accordance with Local Rule 7.

The clerk of this court is directed to serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause.