**Alvin H. SCHUBERT and Alvina Schubert**

v.

**UNITED STATES of America.**

**Civ. A. No. 63-C-33.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Sept. 10, 1965.

See also D.C., 246 F.Supp. 168.

Glusing & Sharpe, Nelson R. Sharpe, Kingsville, Tex., for plaintiffs.

Woodrow Seals, U. S. Atty., and William B. Butler, Asst. U. S. Atty., Houston, Tex., for defendant.

GARZA, District Judge.

This is an action brought originally under the Federal Tort Claims Act, 28 U. S.C. § 1346(b), and subsequently amended to include an alternative claim under the Constitution of the United States, seeking damages from the Defendant for excessive noise created by jet aircraft engines on the U. S. Naval Auxiliary Air Station at Kingsville, Texas, located adjacent to Plaintiffs' property.

Under the Tort Claims Act Plaintiffs allege that the Defendant, in operating the air station, has failed to conduct its engine-testing facilities in as careful and quiet a manner as possible, and was negligent in locating the testing facility in its present position on the station near Plaintiffs' home, in conducting engine testing during the late hours of the night, in not installing sooner noise-arresting equipment, and in failing to use such equipment at all times for engine testing after its installation.

The alternative claim alleges interference with Plaintiffs' use and enjoyment of their property, resulting in damage to the property, as well as mental and physical pain and suffering to the Plaintiffs, constituting a taking of property under

the Constitution. The damages in the latter claim were reduced to $10,000.00 and jurisdiction in this Court alleged under the Tucker Act, 28 U.S.C. 1346(a)(2).

The issues of liability and damages were severed by the Court, and a trial was held before the Court on the issue of liability.

The parties have submitted briefs, and the questions to be determined are: (1) Whether the Plaintiffs have proved either negligent or wrongful acts or omissions by Government employees acting within the scope of their employment, which would subject the United States to liability under the Tort Claims Act; and (2) Whether the Plaintiffs have proved a taking by the United States without just compensation as prohibited by the Fifth Amendment to the Constitution of the United States.

The evidence adduced at the trial established that the Plaintiffs have resided in Kleberg County, Texas, on a 200-acre tract of land adjacent to the Naval Air Station since 1942, having purchased the property in 1945. At that time the Defendant operated the Naval Air Station in its present location, but used only propeller-driven aircraft, the use of jets not beginning until 1954.

In 1961, a power-check facility used for full power turn-ups of jet engines to perform various testing and evaluation was established in the northwest portion of the station and approximately 3700 feet from the Plaintiffs' home. Although the normal operations of aircraft, including take-offs and landings, create a considerable amount of noise which can be heard by the Plaintiffs, their primary complaints stem from the use of the power-check facility where the aircraft are tied down and the engines run at full power.

In early 1962, two noise suppressors were in storage on the station. Although they had been found unsatisfactory at other naval air stations, the Bureau of Naval Weapons assigned the Kingsville personnel the task of determining whether these suppressors could be feasibly used to reduce the noise from jet aircraft.

In the spring of 1963 the program was begun, and after modifications and testing the evaluation was completed about September, 1963. A favorable recommendation was made to the Navy Department in Washington, and additional suppressors were sent to the station and installation was completed in April, 1964. Since that time the high-powered engine run-ups have been conducted using the suppressors except when they are out of order and being repaired.

It was established beyond question that the testing of the engines is necessary to the training mission of the station in order to have the required number of aircraft available for the flights scheduled each day, and this testing must be done whether the suppressors are usable or not. However, it was not established that the maintenance personnel ever made high-powered engine checks without using the suppressors at any time when they were available.

The Government contends that the Plaintiffs have not made out a cause of action under either the Federal Tort Claims Act or the Tucker Act, and that even if negligent acts had been proved, they would fall within the discretionary function exception provided by 28 U.S.C. § 2680(a).

██ This Court finds no negligent or wrongful acts or omissions by Government employees in either the location of the engine power-check facility, the program for evaluating and installing the noise suppressors, or the use or non-use of such suppressor since their installation.

██ As to the location of the facility, the determination of whether to use noise suppressors, and the speed with which they were made available, these were policy decisions as distinguished from operational decisions, and even if negligence had been shown, they would come

within the exception to the Tort Claims Act provided by 28 U.S.C. § 2680(a).

"It is unnecessary to define, apart from this case, precisely where discretion ends. It is enough to hold, as we do, that the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable. If it were not so, the protection of § 2680(a) would fail at the time it would be needed, that is, when a subordinate performs or fails to perform a causal step, each action or nonaction being directed by the superior, exercising, perhaps abusing, discretion." Dalehite v. United States, 346 U.S. 15, at p. 35, 73 S.Ct. 956, 968; 97 L.Ed. 1427.

As stated in Nichols v. United States, 236 F.Supp. 241, D.C., S.D.Cal., 1964, "[T]he selection of the place to test jet engines is a discretionary function of the defendant."

As to the alternative theory that the actions of the Defendant have constituted a taking of property under the Fifth Amendment and the Tucker Act, the Tenth Circuit reasoned, with one dissent, that the noise, vibration and smoke caused by jet aircraft greatly disturb the peace and quiet in every residential area located nearby, the harassment varying with the proximity of the property to the air port used by the jets. In a suit under the Tucker Act, the court stated, "No amount of sympathy for the vexed landowners can change the legal principles applicable to their claims." Batten v. United States, 10 Cir., 306 F.2d 580, 1962

The distinction between "damage" and "taking" is pointed out by the cases allowing recovery for disturbance in conjunction with low over-flights, but denying it where caused by noise, vibration and smoke alone, the latter being consequential damages in the absence of any taking. "We are cited to no decisions holding that the United States is liable for noise, vibration, or smoke without a physical invasion." Batten v. United States, supra, at p. 584.

Leavell v. United States, 234 F.Supp. 734, D.C., E.D., S.Car., 1964, was a suit against the United States for damage allegedly resulting from the testing of jet engines on an air force base, under both the Tucker Act and the Federal Tort Claims Act. Even though the plaintiff claimed that her residence had become uninhabitable and her rental property vacant, it was held that she had not been deprived of "all or most of her interest" in the property so as to constitute a taking, although there certainly had been a substantial interference with the use and enjoyment of the property. The consequential damages alleged, therefore, were not compensable. The claim for personal injuries under the Tort Claims Act was also denied.

The Plaintiffs proved beyond question that the noise made by the jet engines has been very disturbing and a great nuisance to them. They also would attempt to show on a trial of the damage issue that the value of their property has been substantially reduced. There is no question that the high-powered run-ups lasting for various periods of time either prohibit or greatly interfere with conversation, sleep, watching television, and is a source of great annoyance to other members of Plaintiffs' family whose visits are much less frequent. However, this Court must follow the established principles that persons in the position of the Plaintiffs here may not receive compensation in the courts, but must look to Congress for relief.

Both because of the discretionary function exception of 28 U.S.C. § 2680(a) and because the Plaintiffs failed to prove negligent or wrongful acts or omissions, this Court must agree with the princi-

ples enunciated in the cases that have arisen since the advent of jet aircraft, and hold that no recovery can be permitted under either the Tort Claims Act or the Tucker Act, since negligent or wrongful acts or omissions were not proved, the acts complained of other than the operational use of the noise suppressors were discretionary functions of the Defendant, and there has been no physical invasion of Plaintiffs' property, but only consequential damages.

Therefore, judgment will be entered for the Defendant.

This Memorandum Opinion constitutes the Findings of Fact and Conclusions of Law of the Court.