Ann MITCHELL, on behalf of herself and all others similarly situated,
Plaintiff,

v.

BOARD OF TRUSTEES OF PICKENS COUNTY SCHOOL DISTRICT A and Dr. Curtis A. Sidden, Superintendent of Pickens County School District A, Defendants.

Civ. A. No. 73-634.

United States District Court,
D. South Carolina,
Anderson Division.

Oct. 30, 1973.

T. Travis Medlock, Columbia, S. C., for plaintiff.

Bruce E. Davis, Asst. Atty. Gen., Columbia, S. C., for defendants.

## ORDER

CHAPMAN, District Judge.

This matter is before the Court upon motion to dismiss based upon *res judicata.*

The plaintiff was formerly employed by the Pickens County School District as a Spanish teacher at Easley High School, and this action is brought on behalf of the plaintiff and all others similarly situated seeking to have the maternity leave policies of the school district declared violative of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–2(a)(1) and (2). She also seeks back pay in the amount of the salary she could have earned during the year 1972–73 and asks a preliminary and permanent injunction against the defendants to prevent them from continuing the alleged discriminatory policies with regard to pregnancy.

In April 1972 the plaintiff learned that she was pregnant and informed the principal of her condition. She advised that she would deliver the child about November 6, 1972. She requested that she be re-employed for the 1972–73 school year and that she be given an excused absence from November 1, 1972 until the reconvening of school following Christmas holidays on January 2, 1973. The plaintiff advised that she would arrange with a Mrs. Carter to serve as her substitute during the period of her planned absence, and although Mrs. Carter was not qualified for certification to teach Spanish, the plaintiff would prepare lesson plans, tapes and other instructional aids and coach Mrs. Carter as to how to conduct the classes.

Thereafter the defendant Dr. Curtis A. Sidden objected to plaintiff's proposal and plaintiff and defendant Sidden held a conference at which time the plaintiff advised Dr. Sidden that his decision not to renew her contract for the 1972–73 school year was predicated upon the maternity leave provisions printed in the "Manual for Teachers", which provides as follows:

"Pregnancy During School Term"

The principal of the school shall decide when the presence of a pregnant woman (teacher, student or employee) is detrimental to the satisfactory operation of the school program. In all cases of maternity, women who are under contract with the Board of Trustees must in writing apply to the principal of the school or immediate superior official for termination of contract as soon as pregnancy is determined. This termination should take effect not less than three (3) months prior to expected delivery date.

Exceptions must be approved by the District Superintendent."

Dr. Sidden advised the plaintiff that the above quoted section set forth a procedure for fixing the termination date of pregnant teachers under contract, who were scheduled to deliver a child during the course of the school year, and was not relevant to her case, since she was not then under contract for the 1972–73 year. He further explained that he could not recommend the renewal of her contract because it was then foreseeable that she would be absent for approximately two months after beginning of the school year and he wished to minimize and hopefully avoid any teacher activity interruption, particularly where there would be two interruptions, such as the plaintiff leaving on November 1, a substitute coming in for two months and then the return of the plaintiff after the Christmas vacation.

In May 1972 the Board of Trustees adopted the recommendation of the Superintendent that Mrs. Mitchell's contract not be renewed for the school year 1972–73 pursuant to the district's established policy of not hiring or rehiring any one who, for any reason, foreseeably would be unable to complete the school year without extended absence.

The plaintiff filed a charge of discrimination against the defendants with the Equal Employment Opportunity Commission (EEOC) on August 22, 1972. The EEOC issued a determination on January 19, 1973 that the defendants were guilty of a violation of the Equal Opportunity Employment Act by the refusal to renew plaintiff's employment contract because of her pregnancy. Plaintiff alleges that defendants have declined to enter into any conciliation agreement recognizing the EEOC de-

cision. Plaintiff further alleges that on or about March 12, 1973 she was notified by the Justice Department that it would not file suit. She thereupon instituted her present action within 90 days of such notice as required by 42 U.S.C. § 2000 e–5(f)(1).

The plaintiff brought a prior suit based upon the identical facts, with the exception of the matters involving the EEOC. In the former action she alleged that the defendants' pregnancy policy was unconstitutional and violative of her rights, privileges and immunities under the Fourteenth Amendment and under 42 U.S.C. §§ 1981 and 1983. In an order of this Court dated April 3, 1973, a summary judgment was granted in favor of the defendants on the basis of Cohen v. Chesterfield County School Board 474 F.2d 395 (4th Cir. 1973). *Cohen* held that there was no violation of the Equal Protection Clause of the Fourteenth Amendment based upon similar circumstances.

Defendants contend that this Court's decision in the prior suit bars the plaintiff's present action, while plaintiff asserts that the present action is one created by statute and is separate and distinct from the former action brought to remedy alleged unconstitutional discrimination.

■ The Fourth Circuit Court of Appeals has held that the requirements for the application of the doctrine of *res judicata* are: (1) the former judgment must have been valid and final; (2) the cause of action asserted in the subsequent litigation must be the same cause of action as was asserted in the former litigation; (3) the former judgment must have been rendered on the merits; and (4) the parties to the former judgment must stand in such relationship to the parties in the subsequent action as to entitle the latter to the benefits and subject them to the burdens of the prior litigation. Thomas v. Consolidation Coal Co. 380 F.2d 69 (4th Cir. 1967). The question before this court is whether the cause of action asserted in this litigation is the same as that in the prior suit.

In Norman v. Missouri Pacific Railroad 414 F.2d 73 (8th Cir. 1969) the Court held that the doctrine of *res judicata* did not bar a suit brought pursuant to Title VII of the Civil Rights Act where the plaintiffs have previously had judgment rendered against them in suits brought under the Railroad Labor Act. The Norman plaintiffs were black train porters who charged that only blacks were hired as porters and that they were denied employment opportunities which were afforded to whites.

■■ It is well settled that a plaintiff may not split a cause of action or litigate piecemeal to get more than one day in court against the same defendant. It is likewise settled that a plaintiff should not be allowed to reassert identical causes of action by merely varying the jurisdictional basis of the court. Neither of these situations is present in this litigation. The plaintiff did not include Title VII allegations in her original complaint because at the time she filed that action the EEOC had not acted upon her discrimination charge, which must pre-exist any Title VII suit. Also, the defendants took the position in the first action that the plaintiff could not bring that cause before the Court until she had received notice from the EEOC that her right to sue had accrued. Such notice was not received until March 12, 1973, approximately three weeks prior to the order of this court on April 3, 1973 in the prior litigation. The action now before the Court was instituted within the 90 day period required by law, but after this Court had ruled adversely on her first suit.

In order to avoid the result now sought by the defendants, the plaintiff would have had to amend her complaint in the former action almost immediately, and the Court feels that it would be inequitable to have required the plaintiff to amend to include her Title VII cause of action at that time when a ruling on the

constitutional issue could be expected at any time.

Plaintiff submits that three are several factors which distinguish a Title VII claim from one brought to seek redress of constitutional violations. This new law creates a situation under which an employer may be in violation of the law and this is more than the mere creation of jurisdiction, in that a cause of action has actually been created. This is more than providing a forum for consideration of an already existing cause of action. For this reason the Court finds that defendants' argument that plaintiff is only varying her jurisdictional basis is unsound.

■ In the former action based upon a Fourteenth Amendment violation claim it was necessary for the defendants only to show some reasonable basis, having a fair and substantial relation to the classification based upon sex. See Reed v. Reed 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed. 2d 225 (1971). In the present action under Title VII of the Civil Rights Act, the burden of proving that any discrimination created by sexual classification is reasonable will be somewhat more difficult for the defendants. Courts have held that the exception in the Civil Rights Act for bona fide occupational qualification as to sex should be narrowly interpreted. Diaz v. Pan American World Airways, Inc. 442 F.2d 385 (5th Cir. 1971); Weeks v. Southern Bell Telephone & Telegraph Co., 408 F.2d 228 (5th Cir. 1969).

■ It is clear to the Court that the 1964 Civil Rights Act creates a cause of action which is separate and distinct from any cause of action under the Equal Protection Clause. In Civil Rights Act cases different burdens of proof are applicable, statutes may be construed in a different manner and distinct procedural guidelines must be followed before suits can be brought. These distinctions, together with the *Norman* decision are sufficient to convince the Court that the plaintiff is now alleging a new cause of action and it is not barred by *res judica-*

*ta* although both causes arose out of the same set of facts.

To avoid this circumstance in future litigation, this Court will probably require plaintiffs to raise both the constitutional question and the claims under the Civil Rights Act in the same complaint.

Even though the Court has found that the plaintiff has stated a new and different cause of action under Title VII of the Civil Rights Act and that the same is not barred by *res judicata,* the Court feels that this case may still be controlled by Cohen v. Chesterfield County School Board, supra. Even though Judge Haynsworth stated in footnote 1 to that opinion that it was limited to consideration of the rights and liabilities of the parties under the Equal Protection Clause of the Fourteenth Amendment and not under Title VII, the reasoning behind the *Cohen* decision and the language of the Court seems sufficiently broad to cover a Title VII action.

In *Cohen* the plaintiff was required to stop work at a time designated by the School Board after she had begun the school year. In the present case the plaintiff had not started the school year, the School Board had not signed a new contract with her and the reason given for refusing to employ her was the desire to prevent an interruption in the instruction of the children and the fact that all parties knew in advance that she would be absent for an extended period during the school year. Pregnancy just happened to be the cause of this interruption and extended absence from school.

The Court does not believe in wasting the time of litigants, lawyers or court personnel. Such a waste would result unless the plaintiff can distinguish her case from that of *Cohen,* so the Court will allow the plaintiff time to submit to the Court authorities, legal memoranda and arguments in an effort to distinguish this case from *Cohen.*

It is, therefore, ordered that the motion for summary judgment is denied and the plaintiff is allowed 20 days from

the filing of this order to submit to the Court any legal authorities, memoranda or argument as to why this action should not be dismissed on the grounds of Cohen v. Chesterfield County School Board. Copies of any documents submitted to the Court by the plaintiff shall be served upon the attorneys for the defendants, who shall have ten (10) days to reply.

And it is so ordered.