Maurice A. NERNBERG, Jr. and Nancy Nernberg, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 78–494–A.

United States District Court, W. D. Pennsylvania.

Jan. 18, 1979.

Brian H. Baxter, Pittsburgh, Pa., for plaintiffs.

Robert J. Cindrich, U. S. Atty., Henry G. Barr, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

The Plaintiffs bring suit against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for improperly operating a drug treatment center on property adjacent to that owned by the Plaintiffs. The Defendant has moved for Summary Judgment on two grounds: (1) res judicata, and (2) the exemption of the United States under 28 U.S.C. § 2680(a) from liability based upon the performance or exercise of discretionary functions or duty.

The doctrine of res judicata provides that a previous judgment which is valid, final, on the merits, and on the same cause of action forms a bar between the same parties "not only with respect to every matter which was actually offered and received to sustain the demand or to make out a defense, but also as to every ground of recovery or defense which might have been presented," *Mendez v. Bowie,* 118 F.2d 435, 440 (1st Cir. 1941), *cert. denied sub nom., Rios v. Bowie,* 314 U.S. 639, 62 S.Ct. 76, 86 L.Ed. 513 (1941). Applied accordingly, res judicata operates to prevent the splitting of a cause of action and the use of several theories of recovery under the same factual allegations as the bases for separate suits. Res judicata furthers the basic judicial interest in having a plaintiff set before the Court at one time all theories of recovery based upon the same "liability creating conduct" of a defendant, see *Williamson v. Columbia Gas & Elec. Co.,* 186 F.2d 464, 470 (3d Cir. 1950), *cert. denied* 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951). It seems as though the common law judges formulated the doctrine with an eye to the present day, when a rule of judicial economy is needed to prevent piecemeal, fragmentary litigation from further burdening already crowded court dockets.

On July 1, 1977, the same Plaintiffs filed a prior lawsuit against the same Defendant for relief from the same drug treatment facility. There is only one difference between the prior lawsuit and the instant one: the prior one was brought under the Tucker Act, 28 U.S.C. § 1346(a)(2), and the instant one under the Tort Claims Act, 28 U.S.C. § 1346(b). In all other respects the cases are the same. On May 31, 1978, the Court dismissed the Complaint in the prior case pursuant to the Defendant's motion for summary judgment. The Defendant contends that the doctrine of res judicata requires the dismissal of the instant case on the grounds that it merely presents another theory of recovery based upon the same conduct of the Defendant. In response, the Plaintiff argues that res judicata should not apply because he had not exhausted his administrative remedies under the Federal Tort Claims Act when the first case, involving provisions of the Tucker Act, was filed. In the Complaint in the instant case, the

Plaintiff indicates that he filed his initial administrative claim on July 7, 1977, just six days after he filed his first lawsuit.

■ We do not believe that the failure of the Plaintiffs to exhaust their administrative remedies by the time the first lawsuit was filed should allow them to burden the judicial system with a second lawsuit based upon precisely the same conduct of the Defendant. When they filed their first suit, the Plaintiffs clearly could have anticipated that they would also seek relief under another federal statute yet their Complaint does not mention their intent to seek additional relief under another federal statute which might result in another action in federal court. Nor did the Plaintiffs advise the Court, despite ample opportunity to do so, of the progress of their administrative claims during the pendency of their first lawsuit and that they might soon present the Court with another theory of recovery after the resolution of their administrative claims. The Plaintiffs filed their pretrial narrative in the prior case, and caused the Court to begin final preparations for a jury trial, on April 18, 1978 without mentioning their administrative claims under the Federal Tort Claims Act which by that time had been pending for over eight months. Nor did the Plaintiffs seek to advise the Court of the exhaustion of their administrative remedies under the Federal Tort Claims Act by filing a motion for leave to amend their Complaint under Fed.R.Civ.P. 15(a). If given such notice, the Court may well have deferred decision on the Defendant's motion for summary judgment in the first lawsuit pending the outcome of the administrative proceedings. In sum, we find that in the circumstances of this case the failure of the Plaintiffs to exhaust their administrative remedies on their claims under the Federal Tort Claims Act does not prevent the application of the doctrine of res judicata to dismiss their present action.

■ Furthermore, we find that the Defendant in this case is exempt from liability under 28 U.S.C. § 2680(a) because the location, design, and operation of a drug treatment center involve the exercise of discretionary functions. See e. g., *Taxay, M.D. v. United States*, 345 F.Supp. 1284 (D.D.C.) aff'd. 159 U.S.App.D.C. 343, 487 F.2d 1214 (1972); *Schubert v. United States*, 246 F.Supp. 170 (S.D.Tex.1965); *Leavell v. United States*, 234 F.Supp. 734 (E.D.S.C. 1964).