### Myrna E. LUDWIG

v.

### QUEBECOR DAILIES, INC. t/a the Philadelphia Journal.

### Civ. A. No. 79–2804.

United States District Court, E. D. Pennsylvania.

Jan. 16, 1980.

Leonard Zack, Philadelphia, Pa., for plaintiff.

Francis P. Devine, III, White & Williams, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

On January 4, 1979, plaintiff was discharged from her employment with *The Philadelphia Journal*. On February 12, 1979, little more than a month later, she commenced an action in this court alleging that her discharge was the result of sex discrimination. At the time she filed her complaint, plaintiff had not attempted to avail herself of any remedies provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and her complaint was not based upon that statute. Rather,

her amended complaint relied upon 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986.

By an Order dated July 31, 1979, we dismissed plaintiff's amended complaint. *Ludwig v. Quebecor Dailies, Inc.,* 475 F.Supp. 57 (E.D.Pa.1979). We held that plaintiff could not avail herself of § 1981 because of the absence of any allegation of racial discrimination, that the state action necessary for a § 1983 action was missing, and that the Supreme Court's decision in *Great American Federal Savings & Loan Ass'n v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (June 11, 1979), precluded plaintiff from proceeding under § 1985(3). The disposition of the § 1985(3) claim required dismissal of the claim based upon § 1986 also.

The day following the dismissal of her earlier action, plaintiff filed the instant action, which is based exclusively upon Title VII. The underlying facts alleged, however, are nearly identical to those in the earlier action. Defendant has moved to dismiss this complaint on the theory that it is barred by the doctrine of res judicata; alternatively, defendant moves to strike portions of plaintiff's request for damages.

■ The doctrine of res judicata provides that a previous judgment which is valid, final, on the merits, and on the same cause of action forms an absolute bar in another action between the same parties "not only with respect to every matter which was actually offered and received to sustain the demand or to make out the defense, but also as to every ground of recovery or defense which might have been presented."

*Ley v. Boron Oil Co.,* 454 F.Supp. 448, 449 (W.D.Pa.1978), *quoting Mendez v. Bowie,* 118 F.2d 435, 440 (1st Cir.), *cert. denied sub nom. Rios v. Bowie,* 314 U.S. 639, 62 S.Ct. 76, 86 L.Ed. 513 (1941). Because plaintiff seeks relief based upon the same facts alleged in her earlier complaint, defendant argues that the doctrine bars plaintiff in this action.

Title VII reflects the high priority Congress accorded to the eradication of discrimination in employment based on race, color, religion, sex, or national origin. *See Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Consistent with this goal is the Supreme Court's decision that an employee's resort to an arbitral forum does not waive his or her Title VII rights. *Id.* at 52, 94 S.Ct. at 1021. Furthermore, the Court has observed that "the remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent." *Johnson v. Railway Express Agency,* 421 U.S. 454, 461, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). A § 1981 plaintiff need not await completion of Title VII procedures before instituting suit. *Id.* Indeed, such a plaintiff may dispense with Title VII remedies altogether. That, however, is not the situation presented by this case. Instead, we are confronted with a plaintiff who, shortly after the events giving rise to her alleged injury, instituted suit on a variety of theories not including Title VII, and who, shortly thereafter, commenced Title VII administrative proceedings.

Although plaintiff did not rely on Title VII in her earlier action before this court, on April 3, 1979, she approached the Equal Employment Opportunity Commission (EEOC). *See* Exhibits 3 and 4 to defendant's motion to dismiss. On April 27, 1979, the EEOC requested that plaintiff return a signed copy of her charge. *Id.,* Exhibit 6. She did so on June 5, 1979, and on July 26, 1979 the EEOC issued a right to sue letter. *Id.,* Exhibit 10. At no time during the pendency of her earlier action did plaintiff bring her activities before the EEOC to our attention, and no stay was requested pending EEOC action. Therefore, for the reasons discussed above, plaintiff's amended complaint in C.A. No. 79–549 was dismissed on July 31, 1979.

Although it may have been preferable if plaintiff had informed the court of her actions before the EEOC, *cf. Johnson v. Railway Express Agency, supra,* 421 U.S. at 465, 95 S.Ct. at 1722, on the facts of this case we do not believe that plaintiff's second action is barred. Central to Title

VII is the detailed procedure for voluntary conciliation. *See Great American Federal Savings & Loan Ass'n v. Novotny, supra.* It is only after the EEOC has issued a right to sue letter that a complainant before the EEOC may institute a Title VII action in a federal district court. 42 U.S.C. § 2000e–5(f)(1). A Title VII plaintiff may not by-pass the administrative process. *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977). Therefore, plaintiff was correct in not basing her first complaint upon Title VII when she had not as yet even begun to utilize the mechanism it provides.[1] At the time she commenced her original action, plaintiff's Title VII claim was not "a ground of recovery . . which might have been presented." It became so only after plaintiff received her right to sue letter, which was issued only five days before her first suit was dismissed.[2] It makes no difference if plaintiff intended to pursue her Title VII remedies

at the time she initiated her first suit or if she reached that decision only after apprehending that she was unlikely to prevail on the other grounds she advanced. This is not a case in which a plaintiff with a right to sue letter in hand chose not to advance her Title VII claim in federal court while advancing other theories; nor is this a case in which plaintiff is collaterally estopped from asserting that her discharge was the result of sex discrimination because that factual issue was previously determined against her.[3] Rather, we are faced with a plaintiff who, until very shortly before her first suit was dismissed, could not have raised her Title VII claim before this court. Under the narrow facts of this case, we hold that plaintiff's Title VII claim is not barred by res judicata.[4] *See Mitchell v. Board of Trustees of Pickens County School District*, 380 F.Supp. 197 (D.S.C.1973).[5]

■ We agree, however, with defendant's position that punitive and compensato-

1. Citing *Jones v. United Gas Improvement Corp.*, 383 F.Supp. 420 (E.D.Pa.1974), in which it was held that issuance of a right to sue letter after commencement of a Title VII suit cures the jurisdictional defect in the original complaint, defendant argues that absence of a right to sue letter does not support a holding that res judicata should not apply. We do not believe, however, that *Jones* can be read to require the filing of a Title VII suit before a right to sue letter has been issued. Such a reading would frustrate the goal of voluntary conciliation and would in this case erect new barriers to a Title VII plaintiff, a result that would be contrary to the holding of *Jones* itself.

2. It is not clear when plaintiff received her right to sue letter. The letter was issued on July 26, 1979. Exhibit 10 to defendant's motion to dismiss. Plaintiff's complaint, however, states that the letter issued on July 30. Complaint ¶ 16. It is possible that the letter was received by plaintiff on July 30. In any event, since only five days at most elapsed between the date of issuance and the date of dismissal of the first action, we do not believe that plaintiff can be faulted for not having moved within that period to amend her complaint in the first action. Nor do we find it fatal to plaintiff's instant action, in view of our discussion concerning plaintiff's inability to plead Title VII when she filed her first action, that she commenced a new action that she designated related to her former action rather than seeking relief under Federal Rule of Civil Procedure 60.

3. For a discussion of collateral estoppel, *see Tipler v. E. I. duPont deNemours & Co.*, 443 F.2d 125 (6th Cir. 1971).

4. In a somewhat analogous situation, the court in *Nernberg v. United States*, 463 F.Supp. 752 (W.D.Pa.1979), held that res judicata barred plaintiffs' suit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), when the court had earlier granted summary judgment against plaintiffs on a prior action brought under the Tucker Act, 28 U.S.C. § 1346(a)(2), even though at the time plaintiffs commenced their first suit they had not exhausted their administrative remedies under the Federal Tort Claims Act. On the facts of this case, we do not believe that the holding of *Nernberg* should be grafted onto the body of Title VII law. Title VII is remedial legislation that is entitled to a liberal construction in order to effectuate its goal of combatting discrimination.

5. For the rather convoluted subsequent history of this case, see 415 F.Supp. 512 (D.S.C.1976), *rev'd*, 599 F.2d 582 (4th Cir. 1979). From an examination of subsequent reported history, it appears that the opinion cited in the text was not vacated, *Shepard's Federal Citations (Federal Supplement)*, Vol. 69, No. 4, July, 1979 Semiannual Supplement Part 2 notwithstanding.

ry damages may not be recovered under Title VII. *See Richerson v. Jones,* 551 F.2d 918 (3d Cir. 1977). Therefore defendant's motion to strike plaintiff's request for punitive and compensatory damages will be granted. This holding, of course, in no way prevents plaintiff from proving her entitlement to an appropriate award of back pay. 42 U.S.C. § 2000e–5(g).