**Clarence T. TOOLES, Plaintiff,**

v.

**KELLOGG COMPANY, a corporation, Defendant.**

**Civ. No. 71-0-246.**

United States District Court, D. Nebraska.

Jan. 11, 1972.

Benjamin M. Wall, Omaha, Neb., for plaintiff.

Harry R. Henatsch, Omaha, Neb., and Walter P. Loomis, Jr., Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court on defendant's motions to dismiss the complaint, in the alternative to strike portions of the complaint, and in the alternative to stay further proceedings [Filing #16]. Plaintiff is seeking damages for racial discrimination in employment. Such discrimination is alleged by plaintiff to violate his rights under 42 U.S.C.A. §§ 1981, 1983 and 2000e–5.

## DISMISSAL OF THE COMPLAINT

■ Defendant seeks to dismiss the complaint on the grounds that this Court does not have jurisdiction under 42 U.S.C.A. § 2000e–5(f) because the complaint was filed with the United States Equal Employment Opportunity Commission (hereafter EEOC) in violation of the timeliness provisions of § 2000e–5(b). That section provides that where the State has a statutory prohibition of such practice and local authority which can grant relief, then no claim can be filed with the EEOC until 60 days after state proceedings have been commenced unless such proceedings are terminated prior to the 60 day period. Here, plaintiff forwarded a complaint to the EEOC on November 22, 1970, which was received on November 30, 1970. On December 4, 1970, the EEOC deferred to the Nebraska Equal Opportunity Commission (hereafter NEOC) and on February 10, 1971, the EEOC assumed jurisdiction. This procedure, whereby the charge is first filed with the EEOC instead of the State agency; then, pursuant to the regulations of the EEOC, the State is notified by the EEOC; and the EEOC doesn't take jurisdiction until after the expiration of the 60 day waiting period, has had varying success in the Courts. The 10th Circuit has condemned the procedure as ineffective to form a basis for jurisdiction in the federal courts. Love v. Pullman Company, 430 F.2d 49 (10th Cir. 1970). This Court finds the better view to be that expressed by the 2nd Circuit in Voutis v. Union Carbide Corp., 452 F.2d 889 (2nd Cir. 1971). Therein, the court, in reversing the district court which had relied heavily on Love v. Pullman Company, *supra,* answered this question, saying the intent of the statute is remedial and plaintiffs should not be held accountable to such procedural niceties as to where the claim was first filed if the remedial intent of the statute is to be effected, assuming the State receives the complaint and the minimum periods for State consideration have been met.

Defendant also seeks to dismiss the complaint on the grounds that plaintiff has elected to pursue his remedy before the NEOC which has already had hearings on the matter.

The Court has considered this question previously in Fitzgerald v. United Methodist Community Center, 335 F. Supp. 965 (D.Neb.1972) and concluded that plaintiff may pursue both the State and Federal remedies until a decision has been rendered by one of the courts. It does not appear herein that the NEOC has yet reached a decision. However, the large numbers of this type of case in this Court prompts the Court to comment on such eventuality.

Defendant argues that where a decision has been made by the State court the doctrine of res judicata would strictly apply to the Federal suit, citing Batiste v. Furnco Construction Corporation. (N.D.Ill.1971). This Court does

not find that such a holding gives weight to the Congressional intent embodied in § 2000e. This intent is evidenced in § 2000e–5(b) (a), which states that the 60 day waiting period for filing the claim with the EEOC need not be adhered to if the state proceedings are terminated prior to the running of the 60 day period. This appears to the Court to contemplate subsequent federal action even where the prior state action has reached finality. Yet, the principles underlying the doctrine of res judicata are deeply embodied in our system of jurisprudence and the Court believes they must also be considered. The Court believes that the reconciliation of the doctrine of res judicata with the Congressional intent can only be as follows.

■ Congress intended in § 2000e to devise a comprehensive scheme for eradicating discrimination in employment which contemplated that the states might set up similar machinery. In such a case, the Federal remedy should not be supplementary to the State remedy, but complementary to it. Thus, if the State machinery contained the protections for the plaintiff and possible remedies provided by the Federal statute, then a prior State decision should be entitled to a res judicata effect in the Federal action, assuming all the usual requirements for res judicata are met. If, on the other hand, the State's protections and possible remedies were narrower than the Federal relief, then the Congressional purpose is not allowed to be diminished by the action of the State and the extent of the res judicata effect of the prior State decision would have to be decided on a case by case basis according to how close the State's possible relief approximated that of the Federal statute. Support for the concept of a complementary Federal remedy can be found in Voutis v. Union Carbide Corp., *supra.*

## MOTION TO STRIKE

■ Defendant seeks to have stricken from plaintiff's complaint that defendant promoted white persons into managerial positions on September 15, 1969 and July 6, 1970, saying those dates are outside the 210 days provided in § 2000e–5(d) for bringing a complaint after an unlawful discrimination has occurred. Some courts, as exemplified by Nishiyama v. North American Rockwell Corporation, 49 F.R.D. 288 (C.D.Cal. 1970), have taken such a position and excluded evidence of discrimination occurring outside the 210 day provision. This Court adopts what it finds as the better view that where the discrimination has been of a continuing nature as herein alleged, evidence of prior acts against plaintiff must be allowed to show the continuing pattern of discrimination which has occurred and continued to occur within the 210 day limit preceding the date the complaint was brought. *See* Cox v. United States Gypsum Company, 409 F.2d 289 (7th Cir. 1969) and Marquez v. Omaha District Sales Office, Ford Division, 440 F.2d 1157 (8th Cir. 1971).

■■ Defendant also seeks to strike paragraphs IV and VI of the amended complaint because they are immaterial and impertinent. Paragraph IV of plaintiff's complaint deals with the promotion of a black employee in defendant's plant, the number of defendant's employees and their incidental relationship to the population of this area. Where racial discrimination is alleged, it appears to the Court that promotion of any black employee is very relevant. Since 42 U.S.C.A. § 2000e applies only to employers with over 25 employees, the Court also finds numbers of employees very relevant to this suit. In Paragraph VI, plaintiff alleges that he is the third party beneficiary of contracts of defendant with the United States. The Court is not at this time convinced that such a claim can be made by plaintiff; however "[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation," 2A Moore's Federal Practice § 12.21(2), and the Court cannot say at this stage in the

development of the lawsuit that such an allegation clearly has no possible bearing herein.

 Defendant also asks the Court to strike paragraph VIII of the amended complaint, insofar as it prays for compensatory and punitive damages. Plaintiff separately seeks the traditional remedies of back pay, promotion, and attorney's fees. Plaintiff states that defendant's argument against compensatory and punitive damages goes only to § 2000e and in no way affects plaintiff's claim under §§ 1981 and 1983. This Court does not believe that the plaintiff should be able to avoid the limitations of § 2000e by alleging in addition that rights protected under §§ 1981 and 1983 are present. Similar reasoning led the court in Waters v. Wisconsin Steel Works of International Harvester Company, 427 F.2d 476, 487 (7th Cir. 1970) to apply the exhaustion requirement of § 2000e to a suit directly under § 1981. Therefore, the Court's finding on this issue will be based on whether such damages may be obtained under § 2000e.

This Court is not aware of any case where a court has allowed for general compensatory damages under § 2000e. The position has been taken that to allow general compensatory damages would unduly strain the language of § 2000e and the legislative history does not support such a remedy. Developments In the Law-Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv.L.Rev. 1109, 1259. The Court finds this to be a fair interpretation of the statute and will order the general compensatory damage prayer stricken. However, a similar result is not appropriate for the punitive damage portion. The Court believes that a punitive damage remedy might in an appropriate case be a proper award and that such a possibility should not be foreclosed at least at this stage of the proceedings. Support for this position can be found in Developments In the Law-Employment Discrimination and Title VII of the Civil Rights Act of 1964, *supra*, at p. 1263.

## MOTION TO STAY

Defendant also seeks to stay further proceedings in this case pending the outcome of the final disposition of the claim before the NEOC. Section 2000e–5(e) provides for a stay of up to 60 days in the discretion of the court pending the termination of the State proceeding. In this case, where the NEOC has already proceeded to the hearing stage, the Court finds it should exercise its discretion and grant such stay.

It is therefore ordered that defendant's motion to dismiss is denied. Defendant's motion to strike, except as to the prayer for general compensatory damages, is denied. The prayer for general compensatory damages is ordered stricken. Defendant's motion for a stay is granted and this matter will be stayed until March 10, 1972.