**MOLYBDENUM CORPORATION OF AMERICA, Petitioner-Appellee,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Respondent-Appellant.**

**No. 71-1207.**

United States Court of Appeals, Tenth Circuit.

March 29, 1972.

Philip B. Sklover, of E. E. O. C., Washington, D. C. (Stanley P. Hebert, John de J. Pemberton, Jr. and Julia P. Cooper, Washington, D. C., with him on the brief), for respondent-appellant.

Charles S. Solomon, Santa Fe, N. M., for petitioner-appellee.

Before MURRAH, SETH and HOLLOWAY, Circuit Judges.

PER CURIAM.

In March, 1969, Fabian Cisneros' application for employment with Molybdenum Corporation of America was rejected for the stated reason that his vision was defective—he is blind in one eye. No claim of employment discrimination was made within 90 days of this occurrence. About six months later Cisneros again applied for employment with Molybdenum and was again rejected for the same reason. He thereupon filed a complaint with the Equal Employment Opportunity Commission (EEOC), claiming that he was actually refused employment because of his nationality, not because of his defective vision.

Pursuant to an agreement between EEOC and the New Mexico Human Rights Commission, Cisneros' complaint was referred to the state agency in order to comply with that portion of Title VII of the Civil Rights Act of 1964, requiring that the appropriate state agency be given 60 days within which to act or terminate its investigation before EEOC can take jurisdiction over a complaint. See 42 U.S.C. § 2000e–5(b). The state agency terminated its action

four days after the referral and returned the complaint to EEOC without recommendation.

Upon Molybdenum's refusal to cooperate in the ensuing EEOC investigation, an administrative subpoena was issued and served on the company. Molybdenum then petitioned in District Court to have the administrative subpoena set aside, and EEOC cross-petitioned to have it enforced. The District Court ruled in favor of Molybdenum, basing its decision on two grounds: (1) the complaint was not properly filed with the EEOC in light of this Court's decision in Love v. Pullman Co., 430 F.2d 49 (10th Cir. 1970); and, (2) no complaint had been filed with either the state or federal agency within the 90-day limitation period applicable to both (see 42 U.S.C. § 2000e–5(d), and 4–33–9, subd. A, N.M.S.A. (1953 Comp., Pocket Supp.)).

The first reason can no longer serve to support the District Court's order in view of the recent reversal of the Love case. See Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

The only question surviving is whether the 90-day limitation period for filing a complaint commenced to run in March, 1969, when Cisneros' first employment application was denied, or in September, 1969, when his second application was denied for the same reason. The company's refusal to hire Cisneros cannot be said to have been actuated by a continuing discriminatory employment practice which would call for a tolling of the statute as in Bartmess v. Drewrys U. S. A., Inc., 444 F.2d 1186 (7th Cir. 1971), cert. denied, 404 U.S. 939, 92 S.Ct. 274, 30 L.Ed.2d 252 (1971). See also Tippett v. Liggett & Myers Tobacco Co., 316 F.Supp. 292 (M.D.N.C.1970), and cases cited therein at 295–296. Nor was this a single, isolated, allegedly discriminatory act occurring entirely outside the limitation period. Rather, we are dealing with two separate and distinct acts, the latter of which occurred within the 90-day period. Without ex-

pressing any view whatsoever on the issue of discrimination, we simply hold that the 90-day statutory period commenced to run anew from the last allegedly unlawful employment practice.

The case is accordingly remanded with directions to proceed in accordance with the Supreme Court's decision in Love v. Pullman Co., *supra*.