**Sam H. M. LOO, Plaintiff,**

v.

**Anthony GERARGE, an Individual, et al., Defendants.**

**Civ. No. 73–3967.**

United States District Court,
D. Hawaii.

May 1, 1974.

James Blanchfield, Welcome S. Fawcett, Honolulu, Hawaii, for plaintiff.

Charles E. Murphy, Honolulu, Hawaii, for defendants.

## DECISION ON MOTIONS TO DISMISS AND STRIKE

SAMUEL P. KING, District Judge.

This action arises under Title VII of the Civil Rights Act of 1964 [1] for racial discrimination by an employer against the Plaintiff-employee. Five causes of action are alleged: general harassment, denial of transfer requests, demeaning work assignments, discriminatory discharge, and malicious intent. The Plaintiff demands a jury trial, and seeks as relief an injunction, reinstatement plus backpay, attorneys' fees, and compensatory and punitive damages. While Defendants concede that the fourth cause of action for discriminatory discharge is properly before this court, they move under Rules 8 and 12 of the Federal Rules of Civil Procedure to dismiss the other four causes of action, and to strike the demand for a jury trial along with the request for damages.

I agree with Defendants: the Plaintiff has but one valid cause of action here; and under Title VII, he has no rights to a jury trial, or to compensatory and punitive damages.

*Motion to Dismiss the First Three Causes of Action:*

■ The court does not rule upon the Defendants' contention that the complaint fails to meet the requirements of Rule 8(a)(2),[2] for I agree that there is no subject-matter jurisdiction over the three causes of action in question.[3] The jurisdiction of this court under § 2000e–5(f)(3) is limited to claims which have been made the subject of a timely charge before the Equal Employment Opportunity Commission (hereinafter "EEOC"). Nishiyama v. N. American Rockwell Corp., *supra* note 2. Since Plaintiff initially instituted proceedings with the Hawaii Department of Labor, a

---

1. 42 U.S.C. § 2000e et seq. (1970) as amended 42 U.S.C. § 2000 et seq. (Supp. II, 1972).

2. Defendants have moved to dismiss this case under Rule 12 on the grounds that the complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). Defendants allege that the complaint is so general, vague, and confusing that they cannot safely, fairly or properly prepare responsive pleadings.

Generally, motions to strike are not favored unless there is a gross violation of Rule 8. *See* J. W. Moore, 2A Federal Practice ¶ 8.12, at 1710 (2d ed. 1970). Furthermore, since the Rule 8 standard of "notice pleading" which grants the plaintiff broad leeway in framing his complaint is the standard which applies to Title VII complaints under § 2000e, courts tend to deny motions based upon an alleged failure to comply with Rule 8. *See, e. g.,* United States v. Gustin-Bacon Div., Certainteed Products Corp., 426 F.2d 539, 542 n. 6 (10th Cir. 1970); Grimm v. Westinghouse Elec. Corp., 300 F.Supp. 984 (N.D.Cal.1969).

On the other hand, the striking of a pleading is within the sound discretion of the court; and as support for their position, the Defendants cite two decisions written by Judge Hauk: Edwards v. N. American Rockwell Corp., 291 F.Supp. 199 (C.D.Cal.1968), and Nishiyama v. N. American Rockwell Corp., 49 F.R.D. 288 (C.D.Cal.1970). In *Edwards*, the court *inter alia* ruled that Rule 8(a)(2) was not satisfied when the plaintiff's complaint apparently alleged a "cluster of events" amounting to discrimination including "assignment of dangerous work", "Harassing supervisory techniques", assignment to "dangerous, medically unsound, unsuitable job sites and classifications", and physical damage to eyes and intestines. The court felt that without further specificity, these allegations were insufficient. In *Nishiyama,* while citing *Edwards,* Judge Hauk ruled the same way on the same issue when the complaint did not specify individuals who received promotion preferential to plaintiff, or allege other acts of discrimination. However, in *Grimm, supra* at 986, Judge Zirpoli suggested that the view of Rule 8 in the *Edwards* case was either dictum or error.

Whether or not the complaint in this case satisfies the minimal pleading standard of Rule 8, the court notes in passing that it often fails to specify individuals, dates, or particular discriminatory acts.

3. Plaintiff's fifth cause of action is based upon allegations of malicious intent. Since the court is striking the claim for punitive damages, this cause of action becomes irrelevant.

timely charge before the EEOC would be one filed "within three hundred days after the alleged unlawful employment practice occurred." § 2000e–5(e). In this case, the EEOC charge was filed on February 20, 1973: alleged unlawful employment practices occurring prior to April 27, 1972 are therefore barred.

■ The court cannot determine which acts happened before or after April 27, 1972 because the first three causes of action fail to specify the dates of the alleged discriminatory practices. Rather than amend his complaint and argue that the discriminatory acts happened after April 27, 1972, the Plaintiff relies instead upon the theory that the Defendant's unlawful practices have "continuing effects" into the present, and are not subject to the three hundred day time limit of § 2000e–5(e). Some violations are undoubtedly continuing in nature, and not subject to the normal statute of limitations for filing before the EEOC. See Pacific Maritime Ass'n and California Stevedore and Ballast Co. v. Quinn, 491 F.2d 1294 at 1296 (9th Cir. 1974); Belt v. Johnson Motor Lines, Inc., 458 F.2d 443 (5th Cir. 1972); Molybdenum Corp. v. E.E.O.C., 457 F.2d 935 (10th Cir. 1972); Bartmess v. Drewrys U.S.A., Inc., 444 F.2d 1186 (7th Cir. 1971); Kohn v. Royall, Koegel & Wells, 59 F.R.D. 515 (S.D.N.Y.1973); Sciaraffa v. Oxford Paper Co., 310 F.Supp. 891 (S.D.Me.1970); Tippett v. Liggett & Myers Tobacco Co., 316 F.Supp. 292 (M.D.N.C.1970); Motorola, Inc. v. E.E.O.C., 317 F.Supp. 282 (D. Ariz. 1968). However, while layoffs followed by failures to rehire, or systems of discrimination against particular groups may be "continuing," isolated and completed acts against a particular individual are not. See, e. g., Gordon v. Baker Protective Services, 358 F.Supp. 867 (N.D.Ill.1973). Once a disparaging remark is made, or a transfer is denied, or a demeaning work assignment is given, it is, without more, a completed and isolated act: such practices do not give the Plaintiff a perpetual right to file charges before the EEOC. See, e. g., Moore v. Sunbeam, 459 F.2d 811, 828–929 (7th Cir. 1972). Although Plaintiff's complaint alleges in the first three causes of action a series of related acts, such as continual disparaging remarks, not one series is supported by a specific unlawful act alleged to have occurred after April 27, 1972. Under these circumstances, and given the generality of the complaint, the alleged discrimination cannot be said to have continued beyond April 27, 1972.

*Motion to Strike Demand For Jury Trial:*

■ There is no right to a jury trial in a Title VII action. See, e. g., Robinson v. Lorillard Corp., 444 F.2d 791, 802 (4th Cir. 1971), cert. denied, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1972); Johnson v. Georgia Highway Exp., Inc., 417 F.2d 1122, 1125 (5th Cir. 1969); Lowry v. Whitaker Cable Corp., 348 F.Supp. 202, 209 n. 3 (W.D.Mo. 1972), aff'd, 472 F.2d 1210 (8th Cir. 1973); United States v. Ambac Industries, 15 Fed.Rules Serv.2d 607 (D. Mass.1971); Gillin v. Federal Paper Board Co., 52 F.R.D. 383, 386 (D.Conn. 1970); Moss v. Lane, 50 F.R.D. 122 (D. C.Va.1970); Roberson v. Great American Ins. Co., 48 F.R.D. 404, 423 (D.C. Ga.1969); Hayes v. Seaboard Coast Line R.R. Co., 46 F.R.D. 49 (D.C.Ga. 1968); Note, Congressional Provision for Nonjury Trial Under the Seventh Amendment, 83 Yale L.J. 401 (1973) (hereinafter "Yale Note"). But cf. King v. Local 818, Laborers, 443 F.2d 273, 275 (6th Cir. 1971) (trial court granted motion for jury trial in Title VII action). The legislative history of Title VII amply supports this conclusion. See, e. g., 118 Cong.Rec. 2277–78 (daily ed. Feb. 22, 1972); 110 Cong.Rec. 6549, 7255 (1964); Comment, The Right to Jury Trial Under Title VII of the Civil Rights Act of 1964, 37 U.Chi.L.Rev. 167, 170 (1969).[4]

4. Recently, in Rogers v. Loether, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court ruled that a jury trial is available in an action under § 812 of the Civil Rights

*Motion to Strike Plaintiff's Claim for Punitive and Compensatory Damages:*

▮ Defendants have moved to strike the Plaintiff's damage demands on the grounds that as a matter of law, an award of exemplary and compensatory damages does not lie within the court's authority under § 2000e–5(g) to order "such affirmative action as may be ap-propriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate." [5] The statutory language makes clear that only *equitable* relief may be granted under § 2000e–5(g), and punitive and compensatory damages have traditionally been classified as legal relief.[6] Furthermore,

Act of 1968, 42 U.S.C. § 3612 (1970), which *expressly* provides that the court "may award to the plaintiff actual damages and not more than $1,000 punitive damages, . . ." In so doing, the Court followed its earlier decisions which have held that legal claims such as claims for monetary relief or legal claims joined to equitable ones, require a jury trial on demand. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). The Court distinguished the jury trial issue under Title VIII from Title VII cases on the grounds that Title VII does not contain "§ 812's simple authorization of an action for actual and punitive damages." 42 U.S.L.W. at 4262 [94 S.Ct. at 1010]. Since this court rules *infra* that Title VII authorizes only *equitable* relief, not damages, the *Rogers* holding is inapposite to the jury trial issue at hand.

Of course, the damages and the jury trial issues in this case are intertwined. Fortunately, the overwhelming authority on both issues yields a legally consistent result—no damages or jury trials under Title VII. While it may be good social policy to deny jury trials under Title VII (*see* Yale Note, *supra*), and at the same time allow punitive damage actions against recalcitrant employers (*see Developments, infra* note 7 at 1259–69.), such a judicial ruling would probably violate the principles underlying the right to jury trials. See Beacon, *supra*; Dairy Queen, *supra*; Ross, *supra*; and Rogers, *supra* at 4262. But see Ross, *supra* at 538, n. 10; Yale Note, *supra* at 410 et seq.

5. § 2000e–5(g), states as follows:

If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include,

but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable. No order of the court shall require the admission or reinstatement of an individual as a member of a union, or the hiring, reinstatement, or promotion of an individual as an employee, or the payment to him of any back pay, if such individual was refused admission, suspended, or expelled, or was refused employment or advancement or was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex, or national origin or in violation of section 2000e–3(a) of this title.

6. Although I feel the statute is clear on this issue, if the language and legislative intent of § 2000e–5(g) is viewed as ambiguous, traditional rules of statutory construction may *indicate that damages are available under* Title VII. When statutory language is susceptible to conflicting interpretations, the court must construe the language so as best to carry out the law's purpose. Reich v. Webb, 336 F.2d 153 (9th Cir. 1964), cert. denied, 380 U.S. 915, 85 S.Ct. 890, 13 L.Ed. 2d 800 (1964); In the Matter of Carlson, 292 F.Supp. 778 (C.D.Cal.1968); and when the statute involved is remedial in nature, as it is here, it must be construed *broadly* to effectuate the purposes of the act. Peyton v. Rowe, 391 U.S. 54, 65, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1967); Westinghouse Elec. Corp. v. Pacific Gas & Elec. Co., 326 F.2d 575, 580 (9th Cir. 1964). *See also*, Sape and Hart, Title VII Reconsidered: The

the arguments against such damage awards made by Judge Carter in Van Hoomissen v. Xerox Corp., 6 FEP Cases 1231 (N.D.Cal.1973) are compelling.[7] *See also* Howard v. Lockheed-Georgia Co., 372 F.Supp. 854 (N.D.Ga.1974) ("If Congress had intended Title VII to authorize actions for compensatory damages, it would have made clear that desire."); Gutherie v. Colonial Bakery Co., 6 FEP Cases 663 (N.D.Ga.1973) (dismissal of punitive damage claim); Attkisson v. Bridgeport Brass Co., 5 FEP Cases 919 (S.D.Ind.1972) (Title VII claim for compensatory damages for mental suffering struck).

Defendants' Motion to Dismiss Plaintiff's First, Second, Third, and Fifth Cause of Action is hereby granted. Defendants' Motion to Strike Plaintiff's demand for a Jury Trial and request for compensatory and punitive damages is also granted.

---

Equal Employment Opportunity Act of 1972, 40 Geo.Wash.L.Rev. 824, 880 (1972) ("broad and effective remedies" intended by Congress). Title VII has generally been interpreted liberally so as to maximize its impact, *see, e. g.*, Rogers v. Equal Employment Opportunity Comm'n, 454 F.2d 234 (5th Cir. 1971); Parham v. Southwestern Bell Tel. Co., 433 F.2d 421 (8th Cir. 1970), and it can be argued that damage awards would better effectuate the purpose of Title VII by encouraging private suits and deterring would-be employer discriminators.

The Ninth Circuit has not decided whether or not punitive and/or compensatory damages are available under Title VII. In Gregory v. Litton Systems, Inc., 472 F.2d 631, 632 n. 1 (9th Cir. 1973), the Court expressly refused to rule on a lower court's denial of punitive damages in a case of willful misconduct.

7. In *Van Hoomissen, supra*, Judge Carter based his opinion that punitive or compensatory damages were not available under Title VII on three grounds: 1) the legislative history of § 2000e–5(g) shows the intent of Congress not to include punitive damages as a remedy; 2) § 2000e–5(g) is modeled after the National Labor Relations Act, 29 U.S.C. § 160(b) and (c), which does not allow ex-

emplary damages; and 3) Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3612(c), expressly provides for damages as a remedy, whereas Title VII does not.

However, some support exists for awards of punitive and/or compensatory damages under Title VII. Rosen v. Public Service Elec. and Gas Co., 477 F.2d 90 (3d Cir. 1973); Humphrey v. S. W. Portland Cement Co., 369 F.Supp. 832 (W.D.Tex.1973), rev'd on other grounds, 488 F.2d 691 (5th Cir. 1974); United States v. Detroit Edison Co., 365 F.Supp. 87 (E.D.Mich.1973); Tooles v. Kellogg Co., 336 F.Supp. 14 (D.Neb.1972); Tidwell v. American Oil Co., 332 F.Supp. 424 (C.D.Utah 1971); Developments in the Law-Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv.L.R. 1109, 1259–69 (1971) (author argues for punitive damages, but against compensatory damages.); Note, Tort Remedies for Employment Discrimination under Title VII, 54 Va.L.R. 491, 497 (1968). Nevertheless, the awards given in *Rosen* and *Tidwell, supra*, can be viewed as naturally connected to the back pay relief authorized by § 2000e–5(g). Title VII's authorization of back pay awards have generally been regarded as equitable in nature. *See Rogers, supra* note 4 at 4262.