Harrell **ALEXANDER**, Sr., Plaintiff,

v.

**CONSOLIDATED FREIGHTWAYS, CO.,** Defendant.

**Civ. A. No. 76–F–710.**

United States District Court, D. Colorado.

Oct. 13, 1976.

Michael S. Burg, Denver, Colo., for plaintiff.

James E. Hautzinger, Mark L. Fulford, Denver, Colo., for defendant.

## ORDER GRANTING MOTION TO STRIKE

FINESILVER, District Judge.

■ THIS MATTER comes before the Court on Defendant's Motion to Strike Plaintiff's prayers for punitive and compensatory damages for mental distress. The Complaint alleges discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* We Grant Defendant's Motion to Strike.

■ 42 U.S.C. § 2000e–5(g) restricts the remedy a court may award for violation thereof to injunctive relief, "affirmative action" such as "reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate." Despite authority to the contrary, *see, e. g., Claiborne v. Illinois Central Railroad,* 401 F.Supp. 1022 (E.D.La. 1975), this Court has held that compensatory or punitive damages, except back pay, are unavailable under Title VII. *Carreathers v. Alexander,* Civ. Action No. C–5082 (D.Colo., Dec. 11, 1974). The great weight of authority, as well as the language of § 2000e–5(g), supports this position. *EEOC v. Detroit Edison Co.,* 515 F.2d 301 (6th Cir. 1975), app. pending on other grounds, 44 U.S.L.W. 3214; *Whitney v. Greater N.Y. Corp. of Seventh-Day Adv.,* 401 F.Supp. 1363 (S.D.N.Y.1975); *Loo v. Gerarge,* 374 F.Supp. 1338 (D.Haw.1974); *Howard v. Lockheed-Georgia Co.,* 372 F.Supp. 854 (N.D.Ga.1974); *Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829 (N.D.Cal.1973); *see Brito v. Zia Co.,* 478 F.2d 1200 (10th Cir. 1973).

The Court may award compensatory damages in the form of back pay for a maximum period of two years prior to the filing of the charge of employment discrimination with the E.E.O.C. 42 U.S.C. § 2000e–5(g); *Carreathers, supra.* However, the statutory language of § 2000e–5(g) does not permit an award of general compensatory damages, such as damages for alleged mental distress. A case cited by Plaintiff for the proposition that punitive damages may be awarded under Title VII struck a claim for general compensatory damages on the ground that the language and legislative history of § 2000e do not support such a claim. *Tooles v. Kellogg Co.,* 336 F.Supp. 14, 18 (D.Neb.1972).

■ There is no right to a jury trial in Title VII actions. *Johnson v. Georgia Highway Exp., Inc.,* 417 F.2d 1122 (5th Cir.

1969); *Carreathers, supra* ; *E.E.O.C. v. Bro. of Painters, Decorators, and Paperhangers of America, Local 857*, 384 F.Supp. 1264 (D.S.D.1974); *Loo v. Gerarge, supra.* The absence of a right to a jury trial is another reason why punitive damages cannot be awarded in actions brought exclusively under Title VII. *See E.E.O.C. v. Detroit Edison Co., supra. Claiborne, supra,* at 1026, argues that punitive damages may be awarded by a judge under his powers of equitable relief. The Court cited three cases, *Pan American World Airways, Inc. v. Ramos*, 357 F.2d 341 (1st Cir. 1966); *Kennedy v. Lakso Co.,* 414 F.2d 1249 (3d Cir. 1969), and *Swofford v. B & W, Inc.,* 336 F.2d 406 (5th Cir. 1964), for the proposition that a judge may award punitive damages. *Kennedy v. Lakso* at 1254 and *Swofford v. B & W, Inc.* at 411–414 held that there is no right to a jury trial on a claim for treble damages and attorney fees under the law of patent infringement. *Pan American World Airways, Inc. v. Ramos* at 342 held that the Seventh Amendment did not bar a judge from awarding attorney fees for "obstinacy" in the conduct of a law suit under a special local statute of Puerto Rico. In all these situations, however, the statutory language specifically provided for an award of exemplary or punitive damages or attorney fees in certain situations. "Thus absent statute, exemplary damages are awarded only in an action at law." *Swofford* at 412. Even if there were no Constitutional bar to an award of punitive damages, it would be stretching the language of § 2000e–5(g) beyond its plain meaning to permit a court to award punitive damages under its power to grant "other equitable relief."

■ The few employment discrimination cases which have awarded punitive or exemplary damages have done so on the basis of a finding of malice or ill will on the part of the employer. *Claiborne, supra* at 1027. However, the Supreme Court has made clear that "Title VII is not concerned with the employer's 'good intent or absence of discriminatory intent' for 'Congress directed the thrust of the Act to the *consequences* of employment practice, not simply the motivation.'" *Albemarle Paper Co. v. Moody,*

422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Because an award of punitive damages requires a finding of bad intention on the part of the employer, punitive damages are inconsistent with the restitutionary or "make whole" purpose of Title VII.

■ An Order striking Plaintiff's claims for punitive and compensatory damages based on mental distress is appropriate at this juncture of the case. No fact-finding is necessary for such a decision. The scope of discovery and the issues of the case will thereby be considerably narrowed, minimizing the cost of litigation and promoting judicial economy. Finally, the potential for settlement is improved if both parties know the size of the maximum award in advance of trial. It is the policy of § 2000e–5(g) to encourage settlements. *Patterson v. Newspaper and Mail Deliverers' Union of N.Y. and Vicinity,* 514 F.2d 767 (2d Cir. 1975).

ACCORDINGLY, IT IS HEREBY ORDERED that Plaintiff's claims for compensatory damages in the amount of $150,000 for mental distress, and for punitive damages in the amount of $250,000, be stricken.