Dorothy ASHLEY, Plaintiff,

v.

GOSHEN COMMUNITY SCHOOLS
CORPORATION, Defendant.

No. S 77–66.

United States District Court,
N. D. Indiana,
South Bend Division.

Feb. 6, 1978.

Sharon A. Wildey, South Bend, Ind., for plaintiff.

John E. Doran, J. Earle Roose, Goshen, Ind., for defendant.

## FINDINGS, MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

On December 16, 1977 the defendant filed Motion for Summary Judgment together with Memorandum of Authority to which plaintiff filed response on January 13, 1978. Hearing and oral argument were held on January 20, 1978 and supplemental briefs have been filed and examined.

On May 4, 1974 the plaintiff applied for the position of Guidance Director at Goshen High School. The plaintiff was not interviewed for the position and by letter dated June 20, 1974 the high school, acting through its principal, advised the plaintiff of the fact that the position of Guidance Director had been filled. The letter further

advised the plaintiff that if she had any questions regarding that communication that she should contact the principal at her convenience.

■ The plaintiff filed a discrimination charge with the EEOC on January 6, 1975. The period of time from June 20, 1974 to January 6, 1975 is clearly in excess of the one hundred eighty day filing period required for Title VII cases. The plaintiff seeks to excuse this tardy filing on the theory that she was not aware of the fact that she had been discriminated against and cites and relies on the case of *Reeb v. Economic Opportunity, Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975).

The Seventh Circuit has held that the filing within a one hundred eighty day period is jurisdictional and mandatory. See *Moore v. Sunbeam*, 459 F.2d 811; *Terry v. Bridgeport Brass Co.*, 519 F.2d 806 (7th Cir. 1975).

The *Reeb* case has been specifically limited in its application by the Fifth Circuit, such limitation having taken place shortly after the case was decided. See *East v. Romine, Inc.*, 518 F.2d 332. In *Freeman v. Motor Convoy, Inc.*, 409 F.Supp. 1100 the Court stated on Page 1115:

"At the time of this Court's Order in the *Sinyard* case, this question was unsettled in light of a recent opinion in this Circuit apparently rejecting the 'jurisdictional prerequisite' concept, *Reeb v. Economic Opportunity, Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975); however, it now appears that the *Reeb* case has been limited to its facts. See *East v. Romine, Inc.*, 518 F.2d 332 (5th Cir. 1975). In *East*, the United States Court of Appeals for the Fifth Circuit joined the weight of authority in ruling that the 180 day requirement is a jurisdictional prerequisite to suit."

The facts in this case do not have any similarity to the *Reeb* case. In *Reeb*, the employer perpetrated a fraud upon the employee, lied concerning the basis of her termination and then failed to advise her of the fact that her position had been refilled. In this case, the plaintiff knew on June 20 or 21, 1974 that the position of Guidance Director had been filled and the letter so advising her invited inquiry at her convenience.

■ The plaintiff further tries to avoid her tardy filing by stating that the action of the defendant constitutes a continuing violation. The plaintiff cites as authority for this proposition the cases of *Moore v. Sunbeam Corp., supra*, and *Cox v. U. S. Gypsum*, 409 F.2d 289 (7th Cir. 1969). The *Moore* case involved the failure to promote the plaintiff which the Court there held may be a continuing offense if it is followed by the repeated promotions of others in preference to the plaintiff. In the *Cox* case the plaintiffs were individuals who had been laid off work and claimed discrimination in recalling. The Court in *Moore* stated that a layoff, as opposed to a discharge, suggests the possibility of rehiring and, therefore, the failure to rehire can be a continuing violation. Neither one of those principles is involved in this case. The plaintiff applied for a job, was not interviewed and was told on June 20, 1974 that the job had been filled and her inquiries were invited. There was only one position open with the defendant school and that was the position of Guidance Director.

There are numerous cases that have held that the failure to employ does not involve a continuing discriminatory practice but a single act on behalf of the defendant. See *Molybdenum Corporation of America v. EEOC*, 457 F.2d 935 (10th Cir. 1972).

A further case which is very close factually to the one before the Court is that of *Smith v. Office of Economic Opportunity for State of Arkansas*, 538 F.2d 226 (8th Cir. 1976). In that case the plaintiff applied for a position with the OEO. The advisory panel met to consider applications, the plaintiff appeared at the office but was not interviewed, the position was not filled, and remained open at the time of suit. The district court held that the plaintiff had not filed his claim timely. On appeal the plaintiff contended that the failure to hire him constituted a continuing act of discrimination. The Court of Appeals disagreed stating on page 228:

"Ordinarily an alleged discriminatory refusal to hire, standing alone, does not constitute a continuing wrong."

On page 229, the Court stated:

"Moreover, the effects of the alleged discrimination were felt by the appellant when he was denied employment and they terminated at that date. To predicate a finding of continuing discrimination on these facts would do violence to the policies underlying the limitations provisions of Title VII."

In *Gautam v. First National City Bank*, 425 F.Supp. 579 (D.C.S.D.N.Y.1976), the plaintiff brought a suit alleging discrimination in failing to hire him. The Court dismissed for failure to timely file the claim. On page 582 the Court stated:

"It is equally true, however, that an isolated refusal to hire does not of its own constitute a continuing discrimination."

The Seventh Circuit has adopted the rationale of an isolated incident not constituting a continuing violation in the case of *Terry v. Bridgeport Brass, supra*. Although that case involved a termination of employment, that principle enunciated in *Terry* is applicable here since the failure to hire is the equivalent of firing as to its effect.

In the case of *Loo v. Gerarge*, 374 F.Supp. 1338 (U.S.D.C.Haw.), the Court recognized the distinction between hiring and firing which are isolated completed acts and failure to recall after layoffs such as those discussed in *Cox v. U. S. Gypsum* when it stated on page 1340:

"However, while layoffs followed by failures to rehire, or systems of discrimination against particular groups may be 'continuing,' isolated and completed acts against a particular individual are not."

Apparently the position of the plaintiff that the fact that the EEOC issued a right-to-sue letter determines that this claim was timely filed and is binding upon the Court. The defendant points out that in the case of *Terry v. Bridgeport Brass Co.*, the EEOC issued a right-to-sue letter (see page 807); nonetheless, the district court and the Court of Appeals held that the action was not timely. In the case of *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975), the EEOC issued a right-to-sue letter to the plaintiff (see page 1231) but the court held that the claim was not timely. In *Dubois v. Packard Bell Corp.*, 470 F.2d 973 (10th Cir. 1972), the EEOC issued a right-to-sue letter and the lower court and Court of Appeals held that the action was not timely.

The plaintiff has not met the Seventh Circuit jurisdictional requirement of filing her claim within 180 days of the discriminatory act; that the mere failure to hire the plaintiff for the single opening of Guidance Director is not a continuing discriminatory act; and that the fact that the EEOC issued a right-to-sue letter does not decide the issue of timely filing and is not binding on this Court on that issue.

For all of the foregoing reasons the defendant is entitled as a matter of law to a judgment of dismissal of the complaint in this case. The Clerk shall enter separate judgment accordingly.