**Cleola E. SCHOFIELD, Plaintiff,**

v.

**John STETSON, Secretary of the Air Force, Defendant.**

**Civ. A. No. 78–121–MAC.**

United States District Court, M. D. Georgia, Macon Division.

Nov. 17, 1978.

Alex H. Morrow, Morrow and Morrow, Warner Robins, Ga., for plaintiff.

D. L. Rampey, Jr., U. S. Atty., John D. Carey, Asst. U. S. Atty., Middle District of Georgia, Macon, Ga., for defendant.

## RULING ON DEFENDANT'S MOTION TO STRIKE

OWENS, District Judge.

This Title VII case is before the court for a determination of the defendant's motion to strike from the plaintiff's amended complaint a demand for a jury trial and a prayer for damages for "humiliation and mental anguish."

■ The plaintiff argues that she is entitled to a jury trial since she seeks and is entitled to a remedy of a legal nature (compensatory damages). It is true that a jury trial is required by the Seventh Amendment when a statute confers rights and remedies of a legal nature as opposed to an equitable nature. *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). Obviously, the plaintiff's jury trial demand is dependent upon the existence of some valid claim of a "legal" nature under Title VII.

[2] Although the Fifth Circuit has not yet ruled on this point, the majority of courts which have considered the availability of compensatory damages under Title VII have concluded that they are not authorized by 42 U.S.C.A. § 2000e–5(g). *Pearson v. Western Electric Co., Western Electric Installation Org. District Office,* 542 F.2d 1150 (10th Cir. 1976); *Dual v. Griffin,* 446 F.Supp. 791 (D.D.C.1977); *Curran v. Portland Superintending School Committee, City of Portland, Maine,* 435 F.Supp. 1063 (D.Me.1977); *Marshall v. Electric Hose & Rubber Co.,* 413 F.Supp. 663 (D.Del.1976); *Whitney v. Greater New York Corp. of Seventh Day Adventists,* 401 F.Supp. 1363 (S.D.N.Y.1975); *Loo v. Gerarge,* 374 F.Supp. 1338 (D.Hawaii 1974); *Howard v. Lockheed-Georgia Co.,* 372 F.Supp. 854 (N.D.Ga.1974); *Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829 (N.D.Cal.1973). These courts have reasoned that the language of 42 U.S.C.A. § 2000e–5(g) speaks only in terms of authorizing equitable relief for discriminatory evils. This court is persuaded that this is the correct and better view and that authorizing a "legal" remedy such as compensatory damages would strain the language of § 2000e–5(g) past the breaking point.

■ As has been stated previously, a jury trial is allowed and guaranteed only for the resolution of legal claims. *Curtis v. Loether, supra.* The remedies authorized under 42 U.S.C.A. § 2000e–5(g), including the award for back pay, are equitable in nature and courts have refused to permit jury trials in such cases. *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir. 1969); *Slack v. Havens,* 522 F.2d 1091 (9th Cir. 1975); *Martinez v. Bethlehem Steel Corp.,* 78 F.R.D. 125 (E.D.Pa.1978); *Loo v. Gerarge, supra.*

Therefore, the defendant's motion to strike both the demand for jury trial and the prayer for compensatory damages must be and is granted.

SO ORDERED, this 17th day of November, 1978.