**Kwang-Ting Christine LEE, Plaintiff,**

**v.**

**TRANS WORLD AIRLINES, INC., Defendant.**

**Civ. A. No. 80–1075–CV–W–2.**

United States District Court, W. D. Missouri, W. D.

March 18, 1981.

Joseph Y. DeCuyper, Snowden & DeCuyper, Kansas City, Mo., for plaintiff.

Larry D. McEnroe, Trans World Airlines, Kansas City, Mo., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE

COLLINSON, Senior District Judge.

Plaintiff filed this action against defendant Trans World Airlines, Inc., (TWA) in two counts, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e–5(g) (Count I) and 42 U.S.C. § 1981 (Count II). Contending that punitive damages are not recoverable under Title VII of the Civil Rights Act, defendant now moves to strike from Count I of plaintiff's complaint those portions requesting punitive damages (all of paragraph 12 and numbered item 7 of plaintiff's prayer for relief under Count I). Defendant filed accompanying suggestions in support of said motion. On January 12, 1981, plaintiff filed suggestions in opposition to defendant's motion.

Defendant contends that the greater weight of authority holds that punitive damages are not recoverable in Title VII actions.[1] Plaintiff argues that while the weight of authority prohibits the recovery of punitive damages in Title VII actions, there is some authority allowing punitive damages[2] under the catchall phrase permitting the Court to award "other equitable relief as the Court deems appropriate."

1. Defendant cites the following cases in support of its contention that punitive damages are not recoverable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g): *Harrington v. Vandalia Butler Board of Education,* 585 F.2d 192 (6th Cir. 1978), cert. denied 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979); *Richerson v. Jones,* 551 F.2d 918 (3rd Cir. 1977); *Pearson v. Western Electric Company,* 542 F.2d 1150 (10th Cir. 1976); *Equal Employment Opportunity Commission (EEOC) v. Detroit Edison Co.,* 515 F.2d 301 (6th Cir. 1975); *Ludwig v. Quebecor Dailes, Inc.,* 483 F.Supp. 594 (E.D.Pa.1980); *Wilson v. Califano,* 473 F.Supp. 1350 (D.Colo. 1979); *Williams v. Yazoo Valley-Minter City Oil Mill, Inc.,* 469 F.Supp. 37 (N.D.Miss. 1978); *White v. North Louisiana Legal Assistance Corp.,* 468 F.Supp. 1347 (W.D.La. 1979); *Winfrey v. Metropolitan Utilities District,* 467 F.Supp. 56 (D.Neb.1979); *Kiss v. Tamarac Utilities, Inc.,* 463 F.Supp. 951 (S.D. Fla.1978); *Vant Hul v. City of Dell Rapids,* 462 F.Supp. 828 (S.D.1978); *Davis v. Reed,* 462 F.Supp. 410 (W.D.Okla.1977); *NOW v. Sperry Rand Corporation,* 457 F.Supp. 1338 (D.Conn.1978); *Saad v. Burns International Security Services, Inc.,* 456 F.Supp. 33 (D.Col.1978); *Tucker v. Harley Davidson Motor Company,* 454 F.Supp. 738 (E.D.Wis. 1978); *Peterson v. Lehigh Valley District Council,* 453 F.Supp. 735 (E.D.Pa.1978); *Plummer v. Chicago Journeyman Plumbers* *Local Union No. 130,* 452 F.Supp. 1127 (N.D. Ill.1978); *Hodgin v. Jefferson,* 447 F.Supp. 804 (D.Md.1978); *Heath v. D. H. Baldwin Co.,* 447 F.Supp. 495 (N.D.Miss.1977); *Schick v. Bronstein,* 447 F.Supp. 333 (S.D.N. Y.1978); *Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063 (D.Me. 1977); *Reaves v. Westinghouse Electric Corp.,* 430 F.Supp. 623 (E.D.Wis.1977); *Alexander v. Consolidated Freightways Company,* 421 F.Supp. 450 (D.Colo.1976); *Marshall v. Electric Hose and Rubber Company,* 413 F.Supp. 663 (D.Del.1976); *Presseisen v. Swarthmore College,* 71 F.R.D. 34 (D.C.Pa. 1976); *Whitney v. Greater New York Corp. of Seventh-Day Adventists,* 401 F.Supp. 1363 (S.D.N.Y.1975); *Grohal v. Stauffer Chemical Co., Inc.,* 385 F.Supp. 1267 (N.D.Colo.1974); *Loo v. Gerarge,* 374 F.Supp. 1338 (D.Hawaii 1974); *Howard v. Lockheed-Georgia Co.,* 372 F.Supp. 854 (N.D.Ga.1974); and *Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829 (N.D. Cal.1973).

2. In addition to the cases cited by plaintiff (see note 5, infra), see also those cases cited in Larson, Employment Discrimination (Vol. 2), § 55.42 n. 37 (1980) for the proposition that punitive damages have been awarded under Title VII in some cases. However, see also page 4 of this Order, infra, regarding many commentators erroneous citation of cases in support of this proposition. See generally, De-

This Court notes that while the Eighth Circuit has not ruled on the issue,[3] every other Court of Appeals that has considered the question has held punitive damages are not recoverable in Title VII actions. *Harrington v. Vandalia-Butler Board of Education,* 585 F.2d 192 (6th Cir. 1978), *cert. denied* 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 66 (1979); *Richerson v. Jones,* 551 F.2d 918 (3rd Cir. 1977); *Pearson v. Western Electric Company, Etc.,* 542 F.2d 1150 (10th Cir. 1976); *Equal Employment Opportunity Commission v. Detroit Edison Company,* 515 F.2d 301 (6th Cir. 1975). Two district courts within the Eighth Circuit have held punitive damages are not recoverable in Title VII actions, but did so without citing supporting authority and giving little or no insight into the reasons for so holding.[4] *Winfrey v. Metropolitan Utilities District,* 467 F.Supp. 56 (D.C.Neb.1979); *Vant Hul v. City of Dell Rapids,* 462 F.Supp. 828 (S.D. 1978). Thus, this Court feels compelled to write on the subject.

■ There has been a great amount of confusion regarding the availability of punitive damages in Title VII actions. The confusion results from the fact that in most actions for alleged employment discrimination in violation of Title VII, there are accompanying allegations of a violation of 42 U.S.C. § 1981. Punitive damages are recoverable under Section 1981. *Claiborne v. Illinois Central Railroad,* 583 F.2d 143 (5th Cir. 1978), *rehearing denied* 588 F.2d 828, *cert. denied* 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303; *Johnson v. Ryder Truck Lines, Inc.,* 575 F.2d 471 (4th Cir. 1978), *cert. denied* 440 U.S. 979, 99 S.Ct. 1785, 60 L.Ed.2d 239. Thus, when a court has awarded punitive damages in a typical employment discrimination case, those punitive damages have been awarded pursuant to 42 U.S.C. § 1981, not Title VII. Unfortunately, many commentators and some courts have failed to draw this distinction and cases awarding punitive damages pursuant to 42 U.S.C. § 1981 for actions brought under § 1981 *and* Title VII have been erroneously cited for the proposition that punitive damages are recoverable in actions brought solely under Title VII.[5] But the governing principle of law is very simple: Punitive damages are not recoverable in actions based *solely* upon Title VII of

velopments in the Law—Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv.L.Rev. 1109 (1971).

3. While *United States v. N. L. Industries, Inc.,* 479 F.2d 353 (8th Cir. 1973) is cited in *Pearson v. Western Electric Company, etc.,* 542 F.2d 1150 (10th Cir. 1976), for the proposition that "[p]unitive damages ... have been disallowed in actions brought under 42 U.S.C. § 2000e–5(g)," this court finds nothing in the language of the Eighth Circuit's opinion which supports the proposition. Accordingly it is clear that the Eighth Circuit has yet to rule on the question.

4. A district court decision of this Circuit, *Tooles v. Kellogg Company,* 336 F.Supp. 14 (D.C.Neb.1972) is often cited for the proposition that a punitive damage remedy might, in an appropriate case be a proper award and that such a possibility should not be foreclosed at an early stage of the proceedings. Id. at 18. Since this decision however, the greater weight of the authority has held to the contrary. Furthermore, a recent decision of the same district court has held without referring to the Tooles case, that punitive damages cannot be recovered in Title VII actions. See, *Winfrey v. Met-*

*ropolitan Utilities District,* 467 F.Supp. 56, 61 (D.C.Neb.1979).

5. Indeed plaintiff's brief is illustrative of this confusion. Plaintiff cites *Claiborne v. Illinois Central Railroad,* 401 F.Supp. 1022 (D.C.La. 1975) aff'd in part and vacated in part on other grounds 583 F.2d 143 (5th Cir. 1978), rehearing denied 588 F.2d 828, cert. denied 442 U.S. 934; *Williams v. Owens-Illinois, Inc.,* 469 F.Supp. 70 (N.D.Cal.1979) and *Tooles v. Kellogg Company,* 336 F.Supp. 14 (D.C.Neb.1972) for the proposition that punitive damages may be awarded under Title VII in appropriate circumstances. In Claiborne and Williams, the punitive damages award was made pursuant to a finding of a violation of 42 U.S.C. § 1981. In Tooles, the court merely refused to strike plaintiff's prayer for punitive damages because the court felt that the possibility of a punitive damage award should not be foreclosed at such an early stage of the proceedings. Seven years later, however, the same court, in *Winfrey v. Metropolitan Utilities District,* 467 F.Supp. 56 (D.C.Neb. 1979) held punitive damages unavailable in Title VII actions. See, footnote 4, supra.

the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g).[6]

The Circuit Courts which have addressed this subject have given various reasons for denying a plaintiff punitive damages in an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g). Through different analyses, most have determined that it was not Congress' intent to provide for punitive damages. *See, EEOC v. Detroit Edison Company, supra,* citing *Van Hoomissen v. Xerox Corporation,* 368 F.Supp. 829 (N.D.Cal.1973); *Richerson v. Jones, supra.* For example, some courts have held that it was not the legislature's intent to *punish* defendants under Title VII. *Pearson v. Western Electric Company, etc.,* 542 F.2d 1150 (10th Cir. 1976), citing *U. S. v. Georgia Power Company,* 474 F.2d 906 (5th Cir. 1973); *Vant Hul v. City of Dell Rapids,* 462 F.Supp. 828 (S.D.1978).

The majority of courts have used various tools of statutory interpretation to determine that punitive damages are unavailable in Title VII actions. For example, some courts have held that the catchall phrase "other equitable relief as the court deems appropriate" does not stand alone and punitive damages are a traditional form of relief .offered in courts of law, not in courts of equity. *Richerson v. Jones, supra; Pearson v. Western Electric Company, etc., supra; EEOC v. Detroit Edison Company, supra.* The statutory interpretation doctrine of *ejusdem generis* has been used to limit the type of relief available to the same kind of relief specifically enumerated in the statute. *Richerson v. Jones, supra; EEOC v. Detroit Edison Company, supra.* Thus, appropriate relief is limited to relief of the same general kind as specifically enumerated, that is, equitable relief in the form of restitution. *Richerson v. Jones, supra; Pearson v. Western Electric Company, etc., supra; EEOC v. Detroit Edison Company, supra.*

The courts have further determined by comparing the Title VII legislation to other similar types of legislation that it was not the legislature's intent to provide for punitive damages. As the Supreme Court observed, 42 U.S.C. § 2000e–5(g) was modeled closely on the provision of the National Labor Relations Act which empowers the NLRB to end unfair labor practices under 29 U.S.C. § 160(c). *Albermarle Paper Co. v. Moody,* 422 U.S. 405, 419 n. 11, 95 S.Ct. 2362, 2372 n. 11, 45 L.Ed.2d 280 (1975). "In explaining the provision of the 1964 Civil Rights Act on the floor of the Senate, several of the Act's supporters referred to the fact that the relief permitted by Title VII was similar to the relief available under NLRB." *Richerson v. Jones, supra,* at 927. Since punitive damages are clearly unavailable under the NLRA, *Consolidated Edison Company v. NLRB,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938), the close relation-

**6.** This issue is succinctly summed up in Pincham, Title VII: Discriminatory intent and the duty to award remedial relief, 15 Wake Forest L.Rev. 741 (1979) at 749, stating:

No circuit has granted punitive damages in an action based solely on Title VII. [See, *Richerson v. Jones,* 551 F.2d 918, 926 (3rd Cir. 1977); *Pearson v. Western Electric Company,* 542 F.2d 1150, 1151–52 (10th Cir. 1976); *EEOC v. Detroit Edison Company,* 515 F.2d 301, 308–309 (6th Cir. 1975), vacated on other grounds, 431 U.S. 951, 97 S.Ct. 2669, 53 L.Ed.2d 267 (1977).] The circuits have reasoned that punitive damages are legal in nature and thus are not available under the Title VII mandate to award whatever "equitable relief as the court deems appropriate." [42 U.S.C. § 2000e–5(g) (1976); see, *Richerson v. Jones, supra; Pearson v. Western Electric Company, supra; EEOC v. Detroit Edison Company, supra.*]

The Fifth Circuit, however, has taken a different approach. Without deciding whether punitive damages are available under Title VII alone, the Court in *Claiborne v. Illinois Central Railroad* [583 F.2d 143 (5th Cir. 1978)] held that punitive damages can be awarded when Title VII actions are joined with actions based on 42 U.S.C. § 1981. [Id. at 154]. The Claiborne court based its holding partially on dicta in *Johnson v. Railway Express Agency, Inc.* [421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975)]: "An individual who establishes a cause of action [for discrimination in private employment] under Section 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive . damages." [Id. at 460 [95 S.Ct. at 1720]].
(Footnote numerals omitted and footnote material supplied within brackets.)

ship between Title VII and the NLRA indicates that Congress did not intend to authorize an award of punitive damages under Title VII. *Pearson v. Western Electric Company, etc., supra; U. S. v. Georgia Power Company, supra; Van Hoomissen v. Xerox Corp, supra.*

Furthermore, courts have drawn a parallel between the enactment of Title VIII (fair housing) in 1968 and the amendment of Title VII in 1972. *See, Richerson v. Jones, supra; Pearson v. Western Electric Company, etc., supra*, citing *Van Hoomissen v. Xerox Corp., supra; EEOC v. Detroit Edison Company, supra*, citing *Howard v. Lockheed-Georgia Company*, 372 F.Supp. 854 (N.D.Ga.1974). Title VIII, enacted in 1968, expressly provides for punitive damages. 42 U.S.C. § 3612. When Congress amended Title VII in 1972, it did not insert an express authorization for punitive damages similar to that which was provided in Title VIII. Thus, it appears that if Congress had intended to provide punitive damages in Title VII, it would have expressly made such a provision as it did four years earlier in Title VIII. *Richerson v. Jones, supra; Pearson v. Western Electric Company, etc., supra*, citing *Van Hoomissen v. Xerox Corp., supra; EEOC v. Detroit Edison Company, supra*, citing *Howard v. Lockheed-Georgia Company, supra.* "As observed in *General Electric Company v. Southern Construction Company*, 383 F.2d 135, 138, n. 4 (5th Cir. 1967), 'where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute is significant to show a different intention existed.'" *Richerson v. Jones, supra*, at 928.

██ This Court joins in the wisdom of other courts in holding that punitive damages are not available in actions brought under Title VII. The statute does not expressly provide for such an award. Nor does the statute implicitly allow such an award under the phrase permitting "other equitable relief that the court deems appropriate," because punitive damages have traditionally been legal, rather than equitable, relief. Additionally, it is apparent that Congress never intended to provide for an award of punitive damages under Title VII.

Because defendant's motion to strike goes only to Count I which is based solely on Title VII, defendant's motion will be granted. As pointed out above, however, if plaintiff can prove the violation of 42 U.S.C. § 1981 alleged in Count II, she may be entitled to punitive damages.

Accordingly, for good cause shown and in the best interests of justice, it is

ORDERED that defendant's motion, filed January 5, 1981, to strike all of paragraph 12 and numbered item 7 from plaintiff's prayer for relief under Count I of plaintiff's complaint be, and hereby is, granted.